24194. MILES v. BROWN et al., Commissioners.

ARGUED JULY 10, 1967—DECIDED SEPTEMBER 7, 1967.

*Roland P. Smith,* for appellant.

*Harold Sheats, John Tye Ferguson, Paul H. Anderson,* for appellees.

ALMAND, Presiding Justice. Mrs. Fred H. Miles, as owner of a described tract of land, in her equitable petition, as amended, sought to restrain Charlie Brown and two others in their capacity as Commissioners of Roads and Revenues of Fulton County from condemning a right of way or easement for the construction of a sewer line through her property. It was alleged that condemnation proceedings had been instituted by the defendants under the provisions of the 1957 Special Master Act (Ga. L. 1957, p. 387; *Code Ann. Ch.* 36-6A). It was further alleged that (a) there is existing another sewer line capable of serving the area, (b) the proposed sewer line is for the purpose of serving only one owner of 20 acres in developing his land and (c) the petitioner is entitled to a hearing on the question of whether it is necessary in the public interest that this sewer line be constructed through her property. In their response the defendants alleged that the proposed sewer line is the most economical, practical and feasible system for serving the watershed involved and that the proposed sewer line would not only serve one named property owner but many other property owners in the vicinity of the sewer line.

The amended prayer of the petition is that the condemnation proceeding be enjoined until the question of necessity of taking be determined by the court.

On the hearing for an interlocutory injunction, the only evidence introduced, as appears from the record, was the affidavits of the Chief Engineer and the Director of Public Works of Fulton County. Both testified as to their surveying the area involved and that the proposed line is the most feasible, efficient and economical line by which the watershed involved might be served. In addition, affiants testified that the proposed line will serve the owners of approximately 200 acres in the watershed. On this hearing the court entered an order denying the petitioner's prayers for an interlocutory injunction.

An appeal was taken from this order, and it is contended that the court erred in allowing the petitioner's property to be taken where the question of necessity for the taking had not been determined.

"When the legislature grants to a corporation the right to exercise the power of eminent domain, it alone, according to all authority, is the judge of the necessity for the exercise of the right. If the corporation should exceed the powers granted it, and take more land than is authorized, or if it should otherwise exceed the powers granted to it by the legislature, it would place itself without the pale of authority and be amenable to a court of equity. As the necessity for the exercise of the power to condemn private property is passed on by the legislature, and as there is always open a tribunal to pass upon the lawfulness of the manner in which the right is exercised, it cannot be said that the law of Georgia, which authorizes the taking of private property for public purposes, does not provide 'due process of law' in rendering such taking effectual." *Savannah, Fla. &c. R. Co. v. Postal Tel. Co.*, 115 Ga. 554, 560 (42 SE 1).

"The necessity or expediency of taking property for public use is a legislative question upon which the owner is not entitled to a hearing under the due-process clause of the fourteenth amendment, and the same clause of the constitution of this State." *Tift v. Atlantic C. L. R. Co.*, 161 Ga. 432 (4) (131 SE 46). See also *State Hwy. Dept. v. Smith*, 219 Ga. 800, 803 (136 SE2d 334).

The Special Master Act of 1957 (Ga. L. 1957, p. 387; *Code Ann. Ch.* 36-6A) vests a broad discretion in the condemning Authority as to the necessity for the taking and that other matters

material to the rights of the condemnee generally will be determined under proper pleadings in the pending condemnation proceedings. *City of Carrollton v. Walker*, 215 Ga. 505, 511 (111 SE2d 79). See also *Fulton County v. Aronson*, 216 Ga. 497 (2) (117 SE2d 166).

The owner of the land sought to be condemned cannot prevent such taking because there is other property which might have been suitable for the purpose (*King v. City of McCaysville*, 198 Ga. 829 (3) (33 SE2d 99)) or that the construction of a power line is (a) not necessary or (b) another and more direct line is obtainable. *Miller v. Georgia Power Co.*, 222 Ga. 239, 242 (149 SE2d 479).

"A large discretion is vested in a party having the right to condemn, in the selection of the particular property to be condemned; and such selection should not be interfered with or controlled by the courts, unless made in bad faith, or capriciously or wantonly injurious, or in some respect beyond the privilege conferred by statute or its charter." *Piedmont Cotton Mills v. Ga. R. &c. Co.*, 131 Ga. 129, 134 (62 SE 52).

The record discloses that the petitioner was given an opportunity in her equitable proceeding for a hearing on the question of necessity. She produced no evidence to show that the action of the defendants was in bad faith or beyond the powers conferred upon them by law. On the contrary, the evidence on behalf of the condemnors shows that they were proceeding lawfully.

There being an affirmance of the order denying the interlocutory injunction, it is unnecessary to pass upon the defendants' motion to dismiss the appeal on the ground that the question posed by the appeal is moot.

*Judgment affirmed. All the Justices concur.*