### 44089. WIGGINS et al. v. CITY OF MACON.

WHITMAN, Judge. This case involves a condemnation proceeding by the special master method. The case was originally appealed to the Supreme Court on the basis that the constitutionality of the special master method (Ga. L. 1957, p. 387 et seq.; *Code Ann. Ch.* 36-6A) would have to be decided. However, the Supreme Court decided that no such question had been timely raised below and transferred the case to this

court for decision on the remaining issues. *Wiggins v. City of Macon,* 224 Ga. 603 (163 SE2d 747).

The appeal in this case is by Mrs. Lorane Wiggins and Charlie L. Wiggins from the judgment of the trial court overruling and denying their separate motions to set aside and for summary judgment which were filed in the trial court on March 7, 1968, and which motions were denied after hearing on May 13, 1968. These motions to set aside had relation to the order and judgment of the trial court of date February 27, 1968, predicated upon award of the special master of that date, vesting the title of the property condemned in the condemnor, City of Macon, upon the payment of the money award therein set forth. Movants also filed in the trial court on March 7, 1968, their separate appeals from the award of the special master, and these appeals are still pending in the trial court undisposed of.

The appeal before this court from the order overruling and denying the motions to set aside and for summary judgment are here for review by virtue of a certificate of the trial judge.

The motions to set aside and for summary judgment are supported by movants' respective affidavits and appear to be predicated upon the insistence that the condemnor was required to furnish to condemnees "as an adjudicative function" prior to the hearing before the special master, condemnor's appraisal or estimate of total just and adequate compensation, together with "a breakdown of such total to show what facts had been considered and the estimated value of each factor." It also appears that condemnees made motions before the special master for continuance in order that such requirement be complied with. These motions were denied by the special master.

No exceptions as such were taken by the condemnees to the rulings of the special master on the motions for continuance or to his virtual ruling denying the right of condemnees to have furnished to it by the condemnor of such an appraisal or estimate as is above referred to. *Held:*

1. The special master method of condemnation is intended to be an expeditious method of arriving at the just and adequate compensation to be first paid a citizen before his interest in property may be condemned. Such is accomplished by having a special master appointed to hear evidence as to the value of the property taken and the damage done and then to make an award upon which the superior court can enter a

judgment immediately vesting title in the condemnor upon payment of the amount awarded. After entry of the court's judgment the taking is complete, but either party may file an appeal to a jury. In the appeal to the jury the issues are as to valuation not only as to property or properties actually taken, but also as to consequential damages, if any; other damages, including such items of other damages as damages and expenses as are within the purview of recoverable items authorized by the holdings in the case of *Bowers v. Fulton County*, 221 Ga. 731 (146 SE2d 884, 20 ALR3d 1066).

But notwithstanding the expeditiousness sought to be achieved with regard to valuation, the statute authorizes or, in any event, allows the special master to make other crucial determinations. The statute recognizes a necessity of having *"judicial ascertainment* and *judicial supervision* of *all questions and proceedings* connected with the matter."* (Emphasis supplied.) *Code Ann.* § 36-603a. The statute provides for service and requires that persons having an interest in the property appear before the master and make known "their claims as to the value of the property, and *any other matters material to their respective rights.*" (Emphasis supplied.) *Code Ann.* § 36-605a. Regarding the requirement of presenting such "other matters material" before the special master and his duty to make rulings and findings thereon, see *City of Carrollton v. Walker*, 215 Ga. 505 (111 SE2d 79); *Kellett v. Fulton County*, 215 Ga. 551 (111 SE2d 364); *Fulton County v. Aronson*, 216 Ga. 497 (2) (117 SE2d 166); *Johnson v. Fulton County*, 216 Ga. 498 (2) (117 SE2d 155); *Reeves v. City of Atlanta*, 216 Ga. 592 (118 SE2d 378).

The question naturally arises as to the remedy available, other than the jury appeal on valuation, for adverse rulings or findings by the special master with regard to such "other matters material to their rights." In this regard the statute attempts at the outset to achieve a more perfect conciliation between the parties by providing for the use of experienced, competent attorneys as special masters. But the statute provides that "his *relation and accountability* to the court shall be that of an *auditor or master in the general practice existing in this state.*" (Emphasis supplied.) *Code Ann.* § 36-606a. Thus his rulings and findings are not immediately final. The statute obviously contemplates that, as with

auditors, a special master's rulings and findings may be excepted to in the trial court and disposed of in like manner *before* any award, which is the end product of the proceeding, is offered to the court and a judgment of taking is entered up based on the award. For the general practice which obtains with auditors, see *Code Ann. Title* 10.

2. The enumerations remaining in the case, after its transfer to this court, relate to the rulings, findings and award of the special master, together with enumeration of error on the trial court's judgment vesting title in the condemnor pursuant to the award of the special master. The condemnees allowed the award of the special master to be presented to the trial court and a judgment of taking to be entered thereon *without first interposing exceptions* to the master's award, findings and rulings. The same situation occurred in *Johnson v. Fulton County,* 103 Ga. App. 873 (121 SE2d 54). There, the hearing before the special master included a controversy as to whether certain machinery and equipment located on the property constituted real estate or personal property. The special master found the property in question was realty with a certain value and included it in his award. The finding *was not excepted to* and the master's award was made the judgment of the court. Thereafter the condemnor did take issue with the finding. The court, at page 879, held: "The question of the correctness of the finding of the special master that certain property was real estate could also, of course, have been raised before the judge of the superior court prior to his entry of judgment adopting the master's report. . . Had the issue been raised at that time the court could have given the case that direction and supervision which is contemplated by *Code Ann.* § 36-603a in cases where 'it shall be desirable to have a judical ascertainment and judicial supervision of all questions and proceedings connected with the matter.'" The court concluded that the finding and award of the master being unexcepted to *and* the *judgment based on the award* not having been appealed from, no error had been preserved.

The only significant difference between the *Johnson* case and the present one is that in the present case the judgment vesting title pursuant to the award has been enumerated as error as above set forth. But we cannot, because of that additional circumstance, find the judgment erroneous. It was entered up upon rulings, findings and an award to which

no exceptions were timely taken, and thereby waived. This the trial court was authorized to do and required to do upon the award being presented to it without exceptions. *Code Ann.* § 36-613a. But even if exceptions had been entered and could properly be considered as to the alleged requirement of appraisal or estimate prior to the special master's hearing and as to the precedent motions for continuance pending the coming in of such appraisal or estimate, such exceptions would have been without merit. There is no requirement in law for the furnishing of such appraisal or estimate by a condemnor to a condemnee. Therefore, and for that reason also, the motions to set aside were properly denied. Moreover, insofar as they sought a summary judgment the motions were vague, indefinite and uncertain; the particular relief so sought is not set forth.

3. As above indicated, the condemnees, pursuant to *Code Ann.* § 36-614a, timely filed and perfected their right to appeal to a jury from the award of the special master, i.e., to try *de novo* before a jury "the value of the property taken or the amount of damage done." These appeals, as above stated, are still pending in the court below without having been disposed of.

The answer of condemnee Mrs. Lorane Wiggins seeks compensation for the following items: (a) Real property taken; (b) trade fixtures and other improvements in the grocery store in the building on the property taken claimed to be owned by her and her husband, condemnee by intervention; (c) merchandise and other articles in the grocery store; (d) loss profits; (e) expense of removal of equipment, fixtures and supplies; (f) attorney's fees; (g) appraisers' fees. Condemnee Charlie L. Wiggins, in his answer and cross action claimed compensation for the following items: (a) His real property taken; (b) destruction of established grocery business; (c) diminution in value of trade fixtures and other improvements; (d) diminution in value of merchandise and other articles in grocery store; (e) loss of profits; (f) expense of removal of equipment, fixtures and supplies; (g) attorney's fees; (h) appraisers' fees.

What we have held in Divisions 1 and 2 above is not to be construed as pre-emptive of any issues properly raised or which may be raised on the trial of the appeals to the jury in the trial court, nor as an adjudication of the rights of the

condemnees in respect of the award of just and adequate compensation for the alleged items of taking and damage for which they may legally be entitled to recover; provided, however, that the matter of the alleged requirement of furnishing appraisal or estimate by condemnor to condemnees raised in paragraph 14 and prayers (b) and (c) in the answer of Mrs. Lorane Wiggins, and in paragraph 28 and prayers (b) and (c) in the answer and cross action of Charlie L. Wiggins, are adjudicated by the holdings of this opinion and will not and cannot be reviewed or re-adjudicated on the trial of the pending appeals in the trial court.

*Judgment affirmed. Jordan, P. J., and Hall, J., concur.*

ARGUED JANUARY 13, 1969—DECIDED JULY 16, 1969—
REHEARING DENIED JULY 31, 1969—

*Tully M. Bond, Jr.,* for appellants.
*Shi & Raley, F. R. Raley,* for appellee.