26601.   LEACH et al. v. GEORGIA POWER COMPANY.

ARGÙED JULY 12, 1971—DECIDED SEPTEMBER 8, 1971.

*Reeves & Collier, Rex T. Reeves, Merrell Collier,* for appellants.

*Troutman, Sams, Schroder & Lockerman, Dean Booth, T. M. Smith, Warren O. Wheeler,* for appellee.

ALMAND, Chief Justice. This appeal is from judgments in a condemnation proceeding under the 1957 Special Master Act (*Code Ann. Ch.* 36-6A), overruling several motions of the condemnee and granting to the condemnor an easement or right of way for the construction and maintenance of "electric transmission and distribution lines with towers,

frames, poles and other necessary facilities in connection therewith."

The case originated when Georgia Power Company, a corporate utility supplying electric power to the public, sought to condemn an easement or right of way across a described tract of land of C. McNeill Leach and Mildred Kingloff in Fulton County, for the purpose of erecting and maintaining electric transmission and distribution lines. The petition to condemn was brought under the provisions of the 1957 Special Master Act (*Code Ann. Ch.* 36-6A) and referred to a named attorney as special master for a hearing and report.

The condemnees filed their answers and legal defenses.

The condemnor filed an amendment to its petition wherein it amended (a) the description of the right of way sought to be condemned, and (b) the use to be made of the right of way.

After a hearing before the special master, he made and filed his report in which he fixed the market value of the property sought to be condemned and reported his overruling of six motions of the condemnees which raised questions of law.

Upon the filing of the special master's report, the condemnees filed a motion in the superior court to recommit the report on the claim that the special master had failed to rule on several defenses. They also filed exceptions of law and fact to the special master's report, most of the exceptions being upon the alleged failure of the special master to make a ruling on several special defenses.

The condemnees also filed in the case a petition for a mandamus absolute to require the special master to certify that the facts set out in their exceptions of fact to the special master's report were true.

They also filed their appeal to a jury in the superior court from the special master's award as to the value of the property sought to be condemned.

The special master in his response to the mandamus rule nisi stated that he was not required under the provisions of

the Special Master Act to certify that certain exceptions of fact filed by the condemnees were true or false.

After a hearing on the various motions enumerated above, the court entered two orders. First, it denied the motion to recommit; denied a mandamus absolute; denied the condemnees' motion for a summary judgment; and overruled and denied the exceptions of law and fact to the special master's report and award. Second, it entered a judgment decreeing the absolute title to the condemnor in and to an easement over the described tract of land of the condemnees for the construction of one or more electric conductors.

Notice of appeal was filed from both judgments.

Error is enumerated on several grounds. Many of the grounds are repetitious and can be consolidated and passed upon in one ruling.

The appeal was to the Court of Appeals and was transferred to the Supreme Court. *Held:*

■ The condemnor has filed a motion to dismiss the appeal on the ground that orders appealed from are not final judgments from which appeals can be entered under the Appellate Practice Act of 1965 as amended, there being no certificate by the trial judge for an immediate appeal.

After the special master had filed his report, the condemnees filed their petition for a mandamus absolute directed to the special master. A rule nisi was issued, a response was filed, and the court, after a hearing, refused to grant the writ. This denial was subject to appeal and review by this court and gives the court jurisdiction to review this order along with the other enumerations of error.

■ In its petition for condemnation the condemnor described the easement and right of way across the tract of land owned by the condemnees as being 100 feet in width. It was described by metes, bounds and distances. There was also a description of the uses to which the right of way would be put, and of the construction of poles, wires, etc., by the condemnor.

Subsequently, the condemnor amended its petition by

striking two paragraphs describing the proposed right of way and the uses of the right of way, and stating two new paragraphs. These two new paragraphs made more definite and specific the description of the right of way and how it would be used.

The contention by the condemnees is that when the condemnor struck the two paragraphs of the original petition, this left the petition without any description of the land sought to be condemned, and that the petition could not be amended.

This contention is without merit. All that the amendment did was to put the condemnees on notice of a more specific description of the right of way sought to be condemned and the proposed use of the right of way. The petition was amendable for such purposes. *B. & W. Hen Farm v. Ga. Power Co.*, 222 Ga. 830 (152 SE2d 841).

■ One of the objections to the condemnation passed upon by the special master was that the description of the right of way or easement sought was too indefinite and uncertain to acquaint the condemnees with property sought to be condemned.

A further objection was that the allegations in the petition were not stated with sufficient certainty and definiteness to enable the condemnees to know the extent of the rights sought to be taken and the uses to be made by the condemnor of the right of way.

The condemnation petition described with definiteness and certainty the entire tract of the condemnees' land through which the condemnor sought a right of way one hundred feet in width, which was described in metes, bounds and distances.

There was a minute description as to the construction of poles, lines, etc., for the transmission of electric current from the condemnor's transmission line on the south side of the condemnees' tract of land to the substation of the City of East Point on the north of said tract. Attached to the petition was a plat showing with definiteness the property sought to be condemned.

The objections interposed were properly overruled.

■ The special master in his report stated the rulings he had made on certain motions and objections. The condemnees filed a motion to recommit the report for his failure to make certain rulings and findings in his award and for his failure to file a brief of the evidence adduced before him.

Exceptions of law and fact were also made to the special master's report.

The condemnees by their petition for the writ of mandamus sought to require the special master to certify certain facts as true.

In support of their enumerations of error on these several related matters ruled on by the trial judge, the condemnees cite Section 6 of the Special Master Act (*Code Ann.* § 36-606a), which provides that the "relation and accountability [of the special master] to the court shall be that of an auditor or master in the general practice existing in this State." The condemnees contend that the court erred in not applying the provisions of *Code Ch.* 10 (Auditors) in the instant case.

To this contention we do not agree. The Special Master Act in three sections states that the purpose of the Act is: ". . . to provide a simpler and more effective method of condemnation in those cases where, by reason of the necessity for a quick determination of the just and adequate compensation to be paid the owner or owners of the property sought to be condemned" (Sec. 2) ". . . to have a quick and effective adjudication of the just and adequate compensation to be paid the owner or owners of such property" (Sec. 3); and "Whenever, for any reason, it shall be desirable to arrive at a quick and certain determination of compensation to be first paid to the condemnee." (Sec. 5). The Act spells out in detail the procedure to be followed by the court and special master. The primary duty of the special master is to ascertain the value of the property sought to be condemned and the consequential damages or benefits, if any, with the authority to hear and determine any legal objections raised by the parties. Where legal objections or

issues are raised before and passed upon by the special master, to obtain a review in the pending condemnation case exceptions must be taken to the orders of the special master. *Wiggins v. City of Macon,* 120 Ga. App. 197 (2) (169 SE2d 667), cert. denied.

In the instant case the trial court considered and passed upon in one order the objections and motions passed upon and not passed upon by the special master.

The court did not err (a) in refusing to recommit the case to the special master, and (b) in denying the writ of mandamus absolute.

■ It is asserted that the court erred in making the judgments appealed from without providing for the right of condemnees to a jury trial. The appeal by the condemnees from the award of the special master to a jury trial in the superior court is still pending, but that appeal does not carry with it the right to a jury trial on the other issues in the case. *Code Ann.* § 36-614a.

■ The court in its order provided the condemnor "was vested with absolute title in fee simple in and to the above described easement." Error is assigned on that portion of the order on the ground that the condemnor was given a greater interest than authorized by law.

The condemnor sought only an easement or right of way over the land of the condemnees, not an estate in the land or the land itself. The order of condemnation granted to the condemnor rights or interest in the land no greater than the condemnor sought. Compare *Jackson v. Rogers,* 205 Ga. 581 (54 SE2d 132).

■ The proposed right of way sought by the condemnor across the property of condemnees was 100 feet in width and amounted to .017 acres. The evidence discloses that the condemnor planned to construct its poles, wires and conductors to transmit electric current from its present transmission line on the south side of the condemnees' tract of land to connect with the City of East Point-College Park substation on the north side of said tract.

The condemnees assert that the amended description on

the easement sought the right to install "additional electric conductors and overhead wires" in the future. They further assert that the condemnor sought an interest in the subject tract greater than presently needed, and greater than the condemnor was authorized by law to acquire, in that the transmission line across the condemnees' property was not intended for the purpose of "furnishing light, heat and power to the public," but solely for the purpose of supplying electric current to the City of College Park substation located on the lands of the City of East Point and not to serve the public.

Section 3 of the Special Master Act (*Code Ann.* § 36-603a) provides that the condemning body is the exclusive judge as to the necessities of the public needs. A large discretion is vested in a party having the right to condemn, in the selection of particular property to be condemned. *King v. City of McCaysville,* 198 Ga. 829 (2) (33 SE2d 99).

The record does not show that the condemnor acted in bad faith or capriciously.

The supplying of electric current to a municipal corporation which in turn supplies light, heat and power to the residents of the municipality is a public service.

■ We have examined the several other assignments of error not discussed in this opinion and find them to be without merit.

The trial court did not err in entering the two judgments, which we affirm with direction for further proceedings in accordance with Section 14 of the Special Master Act (Ga. L. 1957, p. 387; *Code Ann.* § 36-614a).

*Judgments affirmed with direction. All the Justices concur.*