29729, 29739. CITY OF ATLANTA v. TURNER ADVERTISING COMPANY; and vice versa.

NICHOLS, Chief Justice.

After the City of Atlanta had adopted an ordinance declaring described real estate "needful, useful and necessary for public purposes" and authorized its purchase or condemnation, the city was successful in negotiating for the purchase of such real estate subject to described outstanding leases including those held by Turner Advertising Company to display advertising signs upon the roofs of the structures thereon. Prior to purchasing the real estate, the city notified Turner that if it was unable to negotiate a satisfactory termination of the leases on or before February 1, 1974, the city would have no alternative but to file an action to condemn the leasehold interests. After the city purchased the real estate, it notified Turner that the various leases were terminated and later the present condemnation action was filed under the provisions of the Act of 1957 (Ga. L. 1957, p. 387; Code Ann. Ch. 36-6A) which provides for condemnation proceedings before a special master.

The special master found that Turner had no interest

in the property and was therefore not entitled to any compensation. Within the time provided by law and by an order of the superior court, the condemnee filed exceptions of law and fact, a motion to recommit and an appeal to a jury. Without ruling on such matters the trial court thereafter entered a judgment of condemnation without the payment of any compensation to Turner. Ten days thereafter, the trial court entered a judgment requiring Turner to remove all personal property from the areas described in the petition; otherwise, the city was to remove and store such personalty. The appeal in Case No. 29739 is from such judgments.

Thereafter, the superior court, after hearing, entered an order in which it was held that the filing of the notice of appeal by the condemnee was an appeal from a final judgment and that the trial court did not have jurisdiction to rule on the motion to recommit or the exceptions of law and fact to the special master's report. The city filed a notice of appeal from this judgment (Case No. 29729).

The controlling question in these cases is whether or not the judgment of condemnation was a final judgment, and if so, did the superior court err in entering such judgment prior to considering, deciding, and ruling upon the exceptions of law and fact to the special master's report and the appellant's motion to recommit to the special master.

Where an appeal to a jury as to value is pending, the judgment of condemnation under the special master's condemnation procedure is not a final judgment subject to review in the absence of a certificate as provided for by the Act of 1965, p. 18 as amended (Code Ann. § 6-701; subpar. a 2); yet, where property is condemned under such Act and the judgment provides that no compensation is to be paid by the condemnor, there is no question to be presented to a jury as to value, and such judgment is final and subject to review without a certificate.

As was said by the Court of Appeals in *Wiggins v. City of Macon,* 120 Ga. App. 197, 199 (169 SE2d 667) with reference to questions other than value: "The statute obviously contemplates that, as with auditors, a special master's rulings and findings may be excepted to in the trial court and disposed of . . . *before* any award, which is

the end product of the proceeding, is offered to the court and a judgment of taking is entered up based on the award." See also *Leach v. Ga. Power Co.*, 228 Ga. 16 (183 SE2d 755).

It was error for the trial court to enter a final judgment of condemnation in this case without passing upon the timely filed exceptions to the award of the special master. The judgments in Case No. 29739 are reversed.

The enumerations of error in Case No. 29729, being based upon the contention that such judgment of condemnation was not a final judgment, are without merit.

*Judgment affirmed in Case No. 29729 and reversed in Case No. 29739. All the Justices concur.*

ARGUED MARCH 11, 1975 — DECIDED MARCH 17, 1975.

*Henry L. Bowden, Ralph C. Jenkins,* for appellant. *David H. Flint, Warren O. Wheeler,* for appellee.