## 50186. BROWN v. GEORGIA POWER COMPANY.

CLARK, Judge.

On August 11, 1971, Georgia Power Company filed in the Superior Court of Burke County an in rem condemnation proceeding under the statutory provisions now codified as Chapter 36-6A in our Annotated Code. Conforming with required procedures the court appointed a special master to conduct a hearing. Service was perfected upon the condemnee landowner of a copy of the petition and order. On September 2, two days after the special master's hearing had been completed, the special master rendered and filed the award, $55,750, in the superior court. On that same date a judgment was signed

by the superior court judge and the land ordered condemned in fee simple upon payment of the award into the court treasury by Georgia Power Company. No exceptions had been filed with the superior court prior to the entry of judgment. Nor did counsel offer at the special master's proceedings any of the contentions he sought to present afterwards in the superior court. The transcript of the special master hearing shows it was limited to valuation of the land excepting for a constitutional challenge on grounds of necessity. This latter point is not here involved.

Thereafter, acting through the same counsel who had represented condemnee before the special master, condemnee filed two documents in the superior court. The first of these filed September 9, 1971, was designated as an "Appeal" from the award. In this pleading condemnee asserted for the first time that (1) Georgia Power Company did not have the eminent domain power to acquire in fee simple this specific land for a nuclear power facility, and (2) that the statutory condemnation procedure violated appellant's constitutional rights, "more specifically his right not to have his property taken without due process of law and just compensation." (R. 39). The other document was filed the next day and denominated as an "Answer," stating the same two contentions as were contained in the appeal document.

By order dated April 19, 1972, a motion of Georgia Power Company to strike the answer was granted. (R. 93). On that same date another order was entered granting the motion of Georgia Power Company to strike from the appeal all of the contentions made therein excepting those dealing with value of the condemned land.

The jury trial limited to the question of valuation took place on August 28, 1972, at which time a verdict was rendered for $70,000.

Thereafter a motion for new trial was filed through counsel other than those who had handled the original trial for the appellant. Subsequently,[1] in January 1974,

---

[1] In the interim condemnee sued unsuccessfully in

new counsel who have taken the instant appeal were substituted to represent appellant. The original motion for new trial was then amended. Upon denial of this new trial motion as amended an appeal was taken from that judgment to our Supreme Court which transferred the case to this court.

Appellant seeks reversal on the basis of six enumerations of error.

1. Enumerations 1, 2, and 7 claim condemnee's constitutional rights to have been violated by denial of due process. Appellant's brief states this contention thusly: "The issue in this case is whether or not this Appellant has been denied due process of law in that he has been deprived from raising the issue as to whether or not Appellee could condemn his property, and whether or not Appellant's not being permitted to raise this issue under Ga. Code Chapter 36-6A violates his constitutional right of due process." Appellant argues that the rulings of the trial court in dismissing his "Answer" and in striking the contentions of unconstitutionality from the "Appeal" deprived him of his right to notice and an opportunity to be heard.

We find no merit in these contentions because the statute meets due process requirements in that it gives the condemnee notice as well as reasonable opportunity for preparation and for a hearing. Due process "requirements are satisfied if he has a reasonable notice and opportunity to be heard, and to present his claim or defense, due regard being had to the nature of the proceeding and the character of the rights which may be affected by it. [Cit.]" *Zorn v. Walker,* 206 Ga. 181, 182 (2) (56 SE2d 511).

The notification requisite is satisfied through the pleadings which constituted commencement of the condemnation accompanied by legal service thereof. In the petition there is reference to the specific statute including citation of our unofficial "Ga. Code Annotated

the federal court. See Brown v. Georgia Power Co., 371 FSupp. 543, which was affirmed in 491 F2d 117. Application for certiorari was denied by the U. S. Supreme Court.

Chapter 36-6A." Condemnees are thereby charged to meet all requirements contained in the statute. These include the necessity to appear before the special master "and make known their rights or interests, if any, in and to the property sought to be condemned, their claims as to the value of the property, and any other matters material to their respective rights." Code Ann. § 36-605a. It also declares that ". . . *so far as the right to take or damage the property, or any interest therein,* by the condemning body, upon the payment of the amount of the award by the special master into the registry of the court, is concerned, the award of the special master and the judgment of the court condemning the property to the use of the condemning body *shall be conclusive."* Code Ann. § 36-610a. (Emphasis supplied.)

The order served upon condemnee quoted from the statute, including the words "and any other matters material to their respective rights." Additionally, the citation published in the county's official gazette repeated the pertinent statutory language.

Under this special statutory proceeding, as was said in *Nodvin v. Ga. Power Co.,* 125 Ga. App. 821, 822 (189 SE2d 118), "It is well established that all legal issues relating to the condemnation may be raised and determined in the special master proceeding." And, as the statute states, the award and judgment is conclusive so far as the right to take the property is concerned. See *Wiggins v. City of Macon,* 120 Ga. App. 197, 199 (169 SE2d 667); *Johnson v. Fulton County,* 103 Ga. App. 873, 881 (121 SE2d 54). Compare *Ga. Power Co. v. Baggerley,* 133 Ga. App. 399 (211 SE2d 23).

We further note that when the special master in conducting the hearing specifically queried, "Do you have any further motions before we start?" a negative reply was made by counsel then representing appellant.

Condemnee complains that since the judgment was entered the same day as the award and before he received a copy from the special master that he was thereby wrongfully deprived of his right to establish his legal objections which were later presented in his two documents entitled "Answer" and "Appeal." This argument overlooks the fact that the proceedings com-

menced with the filing in the superior court and that he thus had available under the statute to make his objections that period from filing date (August 11) until judgment date (September 2).

Having had legal notice concerning the requirements under the statute as to the time when defenses were to be raised and also the opportunity between date of service and entry of judgment to present his contentions, and having failed to comply within the designated period, he was too late when he sought to do so via his "Appeal" and "Answer.".

As to the power of the state to prescribe procedure for appeals to the superior court, see *Hancock v. Board of Tax Assessors,* 226 Ga. 570 (176 SE2d 102) and *Alexander v. Blackmon,* 129 Ga. App. 214, 216 (2) (199 SE2d 376). As to the matters sought to be raised by condemnee, these appear to have been decided adversely to such contentions in *Nodvin v. Ga. Power Co.,* 125 Ga. App. 821, supra.

2. The next enumeration of error asserts "That the court erred in intimating and expressing opinions to the jury during the course of the trial." This refers to actions by the trial judge in having interrupted the appellant's expert witness on three occasions.

Whenever an appeals court is called upon to consider a contention that the trial judge has failed to be absolutely impartial the appellate judges are cognizant that an advocate is hesitant to make such assertion because of the situation confronting counsel vis-a-vis the bench. Therefore, in such instances we scan the transcript with great care. Even experienced trial judges may unwittingly and with good intentions tip the scales of justice.[2]

Our examination of the instant transcript shows that the testimony of the expert witness covered 35 pages. On only three of those pages (T. 110, 125, 131) appear directives from the trial jurist. Our conclusion is that the

_____

[2] For a scathing scalding scolding study of some of the federal trial bench (no Georgians involved), see "The Benchwarmers" by Joseph C. Goulden (Weybright & Talley, New York City—1974).

trial court did not commit error. As was recently said by our Supreme Court in *Dyke v. State,* 232 Ga. 817, 825 (209 SE2d 166): "It is the duty of the trial court to control the trial of the case and to insure a fair trial to both sides on the disputed issues in the case. Sometimes this requires interference by the court with the conduct of counsel or with a witness in the trial. The trial judge has broad discretion in handling these matters and we are loath to interfere with that discretion unless it is manifestly abused by clearly demonstrated prejudice or unfairness. While another trial judge may not have conducted the trial of this case in the same way as this trial judge did, we do not agree the trial court interfered so as to deprive the appellant of a fair trial. See *Carr v. State,* 76 Ga. 592, 593 (2c) (1885), and *Wilson v. State,* 229 Ga. 224 (2) (190 SE2d 78) (1972)."

Our conclusion is confirmed by the fact that the jury increased the valuation to $70,000 from the award of $55,750 which had been rendered by the special master who had also heard this expert testify without such legal limitations as were imposed by the three admonitions from the trial judge.

3. Similarly, this substantial increase in valuation obtained by counsel then representing appellant confirms that the trial court did not err in denying appellant a continuance sought on the basis of a possible conflict of interest facing the trial attorney. "All applications for continuances are addressed to the sound legal discretion of the court, and, if not expressly provided for, shall be granted or refused as the ends of justice may require." Code § 81-1419. The trial judge ruled properly in denying the continuance motion.

4. The two remaining enumerations assert error in the court having declined to charge two requests dealing respectively with valuation as to purposes other than agricultural or productive qualities and as affected by condemnor's contemplated improvements. Our examination of the charge shows these two principles were covered in the court's instructions to the jury although not in the exact verbiage of the requests. (T. 149 and 150). "The failure of the court to give a requested charge in the exact language requested, where the charge

given covered the same principle of law, is not a ground for a new trial." *Harkness v. Harkness,* 228 Ga. 184, 185 (2) (184 SE2d 566); *Jackson v. Miles,* 126 Ga. App. 320, 321 (2) (190 SE2d 565).

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

Argued February 4, 1975 — Decided April 18, 1975 — Rehearing denied May 13, 1975 —

*Saul, Blount & Avrett, Percy J. Blount, N. Nat. Hamrick, George W. Fryhofer, Jerry M. Daniel,* for appellant.

*Hull, Towill, Norman, Barrett & Johnson, Robert C. Norman, David E. Hudson, Lewis & Lewis, Preston Lewis, Jr.,* for appellee.