30126. SWEAT v. GEORGIA POWER COMPANY.

Hill, Justice.

This case involves a condemnation proceeding under the Special Masters Act (Code Ann. Ch. 36-6 A). The condemnee appeals on a certificate of immediate review, challenging the constitutionality of a portion of Code

Ann. § 36-610a, the form of the special master's report, the special master's decision as to the necessity for the taking, and the trial court's confirming order.

Georgia Power Company filed a petition in Forsyth Superior Court seeking condemnation under Code Ch. 36-6A of an easement for a transmission line across the property of the condemnee. The condemnee filed an answer and counterclaim including a prayer for an injunction. The court granted a temporary restraining order, ex parte. Later at the hearing on the injunction the condemnee argued that part of Code Ann. § 36-610a, which permits the special master to make conclusive findings on all matters material to the condemnation proceeding, unconstitutionally denies the condemnee the right to a jury trial and due process of law. The court dissolved the temporary restraining order and directed the special master to proceed with the hearing on the petition, answer and counterclaim.

After that hearing, the special master entered an award of $10,000 and dismissed the counterclaim and special defenses raised by the condemnee. The special master did not submit findings of fact. The condemnee made timely exceptions and appealed to the Forsyth Superior Court.

After a hearing, the court ordered "absolute title in and to said easement" to vest in Georgia Power Company. The order made no reference to the exceptions filed by the condemnee to the special master's report. The condemnee appeals from this order.

1. The condemnee contends that the court erred in referring the entire proceeding to the special master rather than allowing a hearing before the court on the issues raised, other than the value of the property. Alternatively he argues that he should have the right of appeal to a jury from the special master's rulings. He reasons that, since Code Ann. § 36-610a makes the award of the special master and the judgment of the court conclusive, sending the proceedings to the special master without first determining the nonvalue issues is a denial of his constitutional right to due process, equal protection and trial by jury.

A condemnation proceeding under the statutory

provisions codified as Chapter 36-6A has just recently been upheld as constitutional against a due process attack. In *Brown v. Ga. Power Co.,* 134 Ga. App. 784 (1) (216 SE2d 613), the Court of Appeals found that due process requirements are satisfied by Code Ch. 36-6A in that it gives the condemnee notice as well as an opportunity for a hearing. In *Brown,* the constitutional attack was directed at the procedure and order. Filed originally in this court, it was transferred to the Court of Appeals for decision, following which certiorari was denied. The constitutional attack in the case now before us is directed at the statute but we find *Brown* applicable and sound.

The constitutional guaranty of trial by jury does not extend to eminent domain proceedings. *Oliver v. Union Point & W. P. R. Co.,* 83 Ga. 257, 261 (9 SE 1086); *Savannah, F. & W. R. Co. v. Postal-Tel. Cable Co.,* 112 Ga. 941, 943 (38 SE 353); *Anthony v. State Hwy. Dept.,* 215 Ga. 853, 855 (113 SE2d 768). Code Ann. § 36-614a, however, does provide for an appeal from the award of the special master to a jury on the issue of the value of the property even though the Constitution may not require a jury trial.

Although there is no right to an appeal from a special master award to a jury on nonvalue issues, an appeal to the superior court is provided if exceptions have been timely filed. *Leach v. Ga. Power Co.,* 228 Ga. 16 (4) (183 SE2d 755); *Wiggins v. City of Macon,* 120 Ga. App. 197 (1) (169 SE2d 667).

The condemnee has made no argument in his brief or at oral argument pointing out how his constitutional right to equal protection has been violated.

Code Ann. § 36-610a does not violate the condemnee's constitutional rights for any reason urged.

2. The condemnee argues that the report of the special master should have contained findings of fact and conclusions of law as are required by the provisions of the Code concerning auditors, Chapter 10, specifically Code Ann. § 10-203, relating to the auditor's report containing his findings and conclusions upon the law and the facts.[1]

---

[1] Compare Code Ann. § 81A-152 (a) which is not in issue here.

Code Ann. § 36-606a provides for the appointment of a special master by the superior court. It lists his qualifications and then states that "His relation and accountability to the court shall be that of an auditor or master in the general practice existing in this State. . ." In *Wiggins v. City of Macon,* 120 Ga. App. 197, supra, p. 199, the court compared a special master with an auditor in order to explain that the rulings of neither are immediately final. Code Ann. § 36-606a obviously contemplates the possibility of exceptions and an appeal thereon to the superior court.

However, *Leach v. Ga. Power Co.,* 228 Ga. 16 (4), supra, held that the procedural provisions of Chapter 10 applicable to auditors are not applicable to special masters appointed in condemnation proceedings. Although the relationship and accountability of a special master to the court is that of an auditor, a special master is not obligated by Code Ann. § 36-606a to render a report in the manner prescribed in Code Ann. § 10-203.

3. The condemnee argues that Georgia Power Company acted arbitrarily and capriciously and abused its discretion in selecting the direction the transmission line would follow on the condemnee's property.

The Georgia law is well settled that much discretion is vested in the condemnor to determine the necessity for the taking and to select the particular property to be condemned. *Miles v. Brown,* 223 Ga. 557 (156 SE2d 898), and cits. This discretion will not be interfered with or controlled by the courts unless it is shown that the condemning authority acted in bad faith or beyond the powers conferred upon it by law. *Miles v. Brown,* supra.

At the hearing before the special master, Georgia Power Company presented sufficient evidence of the necessity for the transmission line and of the care exercised by Georgia Power Company in the selection of the property to be taken. We find, therefore, that there is no merit in this contention of the condemnee.

4. The condemnee cites as error the order of the trial court confirming the report of the special master because it failed to state that the exceptions were overruled and because the order vested "absolute title in and to said easement" in Georgia Power Company.

Code Ann. § 36-613a authorizes the judge to enter order and judgment condemning the property when the award of the special master is entered (filed pursuant to Code Ann. § 36-612a) and presented to the court. Code Ann. § 36-614a grants 10 days from the filing of the award for the filing of an appeal to a jury as to the issue of the value of the property. Exceptions to the special master's rulings on nonvalue issues must be made prior to the judgment authorized by Code Ann. § 36-613a. *Ga. Power Co. v. Baggarley,* 133 Ga. App. 399 (211 SE2d 23). This court has not squarely faced the question of whether exceptions to the special master's nonvalue rulings, filed within 10 days of his award but after judgment of condemnation, are timely. Nor must we do so here under the facts of this case.

The special master report and award was filed December 20, 1974. Exceptions to the report were timely filed by the condemnee. On February 3, 1975, a hearing on the exceptions was held before the trial court. On February 25, 1975, the court's order affirming the special master's report was entered. Although the order did not specifically refer to the exceptions, it was entered after the court had the benefit of the hearing of February 3 as well as the transcript of the special master's hearing. The facts of this case distinguish it from *City of Atlanta v. Turner Advertising Co.,* 234 Ga. 1 (214 SE2d 501). We find no error here.

It was proper for the order to vest "absolute title in and to said easement" in Georgia Power Company. An easement was sought by Georgia Power Company in the petition initiating the condemnation. The order is in conformity with the petition and the evidence at the hearings on the condemnation. *Leach v. Ga. Power Co.,* supra, (6).

Condemnee's remaining enumerations of error have been disposed of adversely to him by the rulings specified above.

*Judgment affirmed. All the Justices concur, except Nichols, C. J., and Ingram, J., who dissent. Jordan, J., disqualified.*

ARGUED JULY 8, 1975 — DECIDED SEPTEMBER 12, 1975 — REHEARING DENIED SEPTEMBER 30, 1975.

*Dillard, Dillard & Shearer, George P. Dillard,.* for appellant.

*Boling, Neville & Shinall, Richard Neville, Arthur K. Bolton, Attorney General,* for appellee.

INGRAM, Justice, dissenting.

This case illustrates a need for this court to re-examine the basis of its ruling in *Leach v. Ga. Power Co.,* 228 Ga. 16 (4) (183 SE2d 755), which held that a special master is not required to state findings of fact and conclusions of law in his report to the trial court as auditors are required to do under Code Ann. § 10-203.

*Leach* holds that all nonvalue issues ruled on by the special master can be excepted to and reviewed in the trial court without a jury, whereas the value issues can be appealed to a jury determination in the trial court. Assuming this is a correct interpretation of the law, my concern is addressed to the nature of the review in the trial court on the nonvalue issues.

In *Leach,* most of the nonvalue issues passed on by the master apparently were pure "questions of law," as opposed to evidentiary nonvalue issues. Rulings on these present no particular problem for review. Exceptions from these rulings can easily be made and preserved for a meaningful review in the trial court. But what about the nonvalue evidentiary issues passed on by the special master? If the order of the master contains no findings of fact, how can his rulings on these evidentiary issues be excepted to for a meaningful review in the trial court?

*Leach* cites *Wiggins v. City of Macon,* 120 Ga. App. 197 (169 SE2d 667), and notes certiorari was denied by this court. One clear inference of *Wiggins* is that Code Ann. Title 10, relating to auditors, applies to special masters. Id., pp. 199, 200. If so, Code Ann. § 10-203, requiring findings and conclusions on the law and facts by auditors, would be applicable to special masters. However, *Leach* specifically rejected this view and *Leach* is being followed in the present case.

I submit that *Leach* either is wrong or that if special masters are not required to state findings of fact and

conclusions of law as provided in Code Ann. § 10-203, the provisions of Code Ann. § 81A-152 (a) requiring findings of fact and conclusions of law, are applicable to special masters.

In the present case, the special master's report contained no findings of fact. Exceptions were timely filed to it. At least one exception deals with a nonvalue evidentiary issue, to wit: Did the condemnor abuse its broad discretion in selecting the location of its transmission line on the condemnee's property? Obviously, this issue requires a consideration of evidence. But since the master made no findings of fact, how was his finding on the evidence reviewed in the trial court? The majority opinion handles this issue by ruling that: "[a]t the hearing before the special master, Georgia Power Company presented sufficient evidence of the necessity for the transmission line and of the care exercised by Georgia Power Company in the selection of the property to be taken." How did the trial court rule in this issue? We do not know because the trial court's order, affirming the special master, makes no mention of the exceptions taken to the special master's report. The majority opinion assumes the trial court considered these exceptions because of the routine order entered in the trial court affirming the master.

The absence of findings of fact in the special master's order and the absence of any reference to the exceptions in the trial court's order would suggest that the condemnee may not have received a meaningful consideration of the nonvalue evidentiary issues he raised in the case. In all candor, the condemnee probably did receive very careful consideration on each issue he raised in the case, but the record does not show it and it is on the record that our judgments must be made.

In fairness to this condemnee, and to parties in other condemnation cases, I would remand the case to the trial court with direction that it be returned to the special master for findings of fact and conclusions of law on all the nonvalue issues in the case. Unless special masters in condemnation cases make findings of fact and state their conclusions of law, I believe it will continue to be very difficult for trial judges to review exceptions to reports

and orders of special masters. And, as the Court of Appeals pointed out in *Wiggins,* "The [Special Master] statute recognizes a necessity of having *'judicial ascertainment* and *judicial supervision* of *all questions and proceedings* connected with the matter.' (Emphasis supplied.)" Code Ann. § 36-603 (a).

If this language means what it says, this court ought to require a record that clearly shows the issues in the case were considered and ruled on by the special master and the trial court. For these reasons, I dissent to the majority opinion.

I am authorized to state that Chief Justice Nichols concurs in this dissent.