## 62503. HENDLEY v. HOUSING AUTHORITY OF SAVANNAH.

McMURRAY, Presiding Judge.

On November 4, 1980, the Housing Authority of Savannah filed a condemnation in rem proceeding under an urban renewal project pursuant to resolution of the mayor and aldermen of the City of Savannah for the taking and acquisition of certain real property which the condemning body was informed and believed was real property of Johnny T. Hendley, d/b/a Johnny's Radiator Shop. On November 5, 1980, a special master was appointed. Other requirements with reference to the special master proceedings such as advertising of the property, date and place of the hearing (November 18, 1980, Chatham County Courthouse) before the special master were included in this order.

On November 18, 1980, the special master was duly sworn to perform the duties of a special master, and the hearing was conducted. On November 21, 1980, Hendley, as condemnee, filed his response (dated November 18, 1980) to condemnor's petition contending that his property sought to be condemned was not in a slum area and was not being sought for a public purpose and that the proper procedures were not being followed. Condemnee further contended that the condemnor has acted arbitrarily and capriciously in seeking his property and that no public purposes are involved, the petition seeks publication in an improper newspaper, and condemnor's petition should be dismissed.

On November 21, 1980, the special master filed his award dated the 20th of November 1980, stating that a hearing had been held on November 18, 1980, and he awarded the condemnee the sum of $25,000 as the actual market value of the property sought to be condemned.

On December 1, 1980, Hendley, the condemnee, as plaintiff, filed a separate complaint in equity seeking injunctive relief (an interlocutory and permanent injunction permanently restricting, prohibiting and enjoining the defendant housing authority from any present or future condemnation activities concerning plaintiff's property pursuant to the urban renewal project).

On December 3, 1980, the superior court entered judgment condemning the property in fee simple, and upon payment of the sum of $25,000 into the registry of the court by the condemnor the condemnor "shall be vested with full, complete and unincumbered fee simple title." The clerk's certificate on the same date certified that the condemnor had paid the amount of the award of $25,000 into the registry of the court.

An interlocutory injunction, dated December 9, 1980, was entered in the condemnation proceeding expressly enjoining the housing authority from continuing condemnation proceedings of the property pursuant to the urban renewal project pending a hearing to determine whether a permanent injunction should issue.

A notice of appeal to the superior court, by condemnee, of the special master's award was dated and filed December 10, 1980.

On December 24, 1980, the condemnor moved to dismiss the condemnee's appeal filed on December 10, 1980, inasmuch as the superior court on November 5, 1980, had appointed the special master and ordered all persons concerned to appear before the special master on November 18, 1980, to make known their objections, if any, their rights, title and interest, if any, in and to the property sought to be condemned for claims as to value, and any other matters material to their respective rights, and that the notice of appeal was not filed in superior court until December 10, 1980, approximately 19 days after the award was filed. The condemnee having been properly served and no restraining order or injunction was sought by the condemnee to prevent or postpone the hearing before the special master; thus the superior court properly entered its order condemning the property and vesting the fee simple title in the condemnor upon the payment of the amounts awarded on December 3, 1980.

On December 30, 1980, in the equitable proceeding, the condemnor, as defendant, filed a motion to dismiss and a motion to strike same, and by answer while admitting jurisdiction, the filing of the condemnation proceedings and the appointment of a special master, it otherwise expressly denied the claim for equitable relief.

On January 28, 1981, the condemnee, as plaintiff, filed an amendment to his complaint in equity contending that the special master had refused to hear his legal objections raised to the authority

to condemn, the necessity of condemnation and a complaint in equity is a necessity since he had no legal remedy to protect his interest. He also filed a separate motion to remand to require the special master to hear his legal objections and for proper determination of same. On February 2, 1981, he filed a second amendment alleging other legal inadequacies to the condemnation action.

On February 4, 1981, the condemnor renewed its motion to dismiss condemnee's appeal of the special master's award and also moved to dismiss condemnee's motion to remand to the special master. On February 18, the plaintiff/condemnee again amended his equitable complaint to set aside the judgment entered on the special master's award.

On March 9, 1981, the superior court ordered the dismissal of the appeal of the condemnee in the condemnation proceedings setting forth therein that the condemnee was required to file timely objections to the award, and failed to move to have the court postpone the hearing before the special master until any legal or equitable issues could be determined wherein the court could have issued a restraining order. Having failed to file objections, or move for a continuance, or to take any acceptable legal course to preserve any legal or equitable rights he might have, and the condemnor having filed its motion to dismiss the appeal on various grounds among which was the fact that the appeal was not filed within 10 days from the filing of the special master's award, the court stated it was filed too late and the appeal was ordered dismissed. On the same date (March 9, 1981) the superior court in the complaint in equity proceeding dismissed plaintiff/condemnee's complaint based upon defendant's (the condemnor) motion to dismiss because the plaintiff could not proceed in a separate action to have determined legal and equitable questions which were or could have been asserted in condemnation proceedings, citing *Best v. Ga. Power Co.,* 224 Ga. 669 (164 SE2d 125).

On March 12, 1981, for the first time, both cases were consolidated by order of the superior court for the purposes of consolidating same for appeal. The court likewise issued an order on that date directing the clerk of superior court to pay to the condemnee the sum of $25,000 which had been paid into the registry of the court by condemnor. The plaintiff/condemnee appeals enumerating as error the dismissal of his complaint in equity, as amended, including the motion to set aside alleging that his claim would set forth claims for relief and also that the superior court erred in ruling that his appeal to the superior court from the award of the special master was not timely filed. *Held:*

1. Because of the equitable nature of this case, as consolidated,

this appeal was filed in the Supreme Court of Georgia. However, it has since been ordered transferred to this court. We, therefore, proceed to review same.

2. The condemnor having first filed the condemnation proceedings in the superior court, the condemnee was required to litigate all issues, objections, both legal and equitable, with reference to same and could not file a separate petition in equity and decline to litigate equitable issues in the in rem condemnation case. See *Best v. Ga. Power Co.,* 224 Ga. 669, supra. The superior court did not err in dismissing that action even though same might be considered to be a bad equity case coming within the jurisdiction of the Supreme Court on review.

3. The method of condemnation employed here before a special master is a supplementary one set forth in Code Ch. 36-6A (Ga. L. 1957, pp. 387, 396; as amended). This procedure is one for judgment in rem against the property, "condemning the same in fee simple," or as to any easement or other interest sought "upon payment of just and adequate compensation therefor." Code Ann. § 36-603a (Ga. L. 1957, pp. 387, 388). Here the procedure was followed with reference to the appointment of a special master for the arrival of a quick and effective adjudication of the just and adequate compensation. The superior court shall make an order requiring all persons concerned to appear before a special master at a time and place therein named and make known their rights or interest, if any, in and to the property sought to be condemned, and claims as to the value of the property, "and any other matters material to their respective rights, which hearing before such special master shall be not less than 10 days nor more than 15 days from the date of service of such order. Such order shall give appropriate directions for such notice and the service thereof, as may be consistent with the provisions of this Chapter, in such manner as to more effectively provide an opportunity to all parties at interest to be heard." Code Ann. § 36-605a (Ga. L. 1957, pp. 387, 389). Code Ann. § 36-611a (Ga. L. 1957, pp. 387, 394; 1973, pp. 479, 480) provides for the hearing by the special master "at the time and place provided by the order of the judge of the superior court, and in compliance with the duties and authority herein conferred, and shall not be authorized to continue or delay such hearing, except as otherwise provided by section 81-1402, relating to granting continuances by reason of membership in the General Assembly during sessions thereof, as now or hereafter amended, or except upon the written order of the judge of the superior court, and such a continuance shall be granted only for good cause shown to such judge. When it shall be necessary for such judge to grant a continuance, the continuance shall be for not more than five days from the date of the

order granting the continuance." Thereafter, Code Ann. § 36-614a (Ga. L. 1957, pp. 387, 396) provides for an appeal in case any party is dissatisfied "within 10 days from the time the award is filed," by entering in writing an appeal from the award to the superior court. As the condemnee here has failed to follow the procedure required by law in condemnation in rem proceedings before a special master in seeking to have his objections made known to the court and to the special master, the superior court did not err in ruling that the condemnee's appeal to the superior court from the award of the special master was not timely filed. See *Sweat v. Ga. Power Co.,* 235 Ga. 281, 283 (219 SE2d 384), citing *Leach v. Ga. Power Co.,* 228 Ga. 16, 17 (4) (183 SE2d 755); *Wiggins v. City of Macon,* 120 Ga. App. 197, 198-99 (1) (169 SE2d 667). Therefore, we cannot consider the merits of the condemnee's complaint that his property was not in a slum area and not subject to the urban renewal project under which the condemnor sought to condemn his property.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED SEPTEMBER 30, 1981 —
REHEARING DENIED OCTOBER 29, 1981 —

*Kran Riddle,* for appellant.
*Archie L. Morris,* for appellee.