### 47580. HOLCOMBE v. CAROLINA FREIGHT CARRIERS CORPORATION et al.

HALL, Presiding Judge. In an action for property damages, plaintiff appeals from the judgment, from the direction of a verdict for two of the defendants, from the order dismissing one party as a defendant, and from the order denying the dismissal of another defendant's answer.

The evidence shows that the multi-vehicle collision occurred on a divided, four-lane interstate highway at a spot where there is both a hill and an S-shaped curve. Defendant Brokaw was traveling in the left lane, plaintiff was following him at about 100-150 feet, and defendant Worley's tractor-trailer was behind plaintiff but in the right lane. Just over the crest, defendant Brokaw applied his brakes suddenly, causing his car to skid and crash into the concrete median. Plaintiff in turn applied his brakes and skidded across the right lane into the guardrail. The tractor-trailer came along and although attempting to steer a middle course between the two, hit plaintiff's car causing further damage. When everyone got out of their respective vehicles, plaintiff noticed a car stopped in the left lane beyond Brokaw. The parties stipulated that this car was a family purpose vehicle, owned by one and driven by another of the defendants Webb.

1. Plaintiff's case consisted entirely of his own testimony in which the only evidence concerning the Webb automobile was that he had seen it stopped up ahead in the left lane after the collision. This was not sufficient to show negligence on the part of the driver which could have been a concurring proximate cause of the collision. The court did not err in directing a verdict for the defendants Webb at this point.

2. The defendant Brokaw later testified that he had been traveling at about 60-65 miles per hour, had been unable to see the Webb car ahead until he crested the hill, and that he braked suddenly to avoid a collision with it. He never went into the right lane or hit another vehicle.

Defendant Worley testified that he was traveling in the right lane at about 50 miles per hour when the plaintiff's car slid across his lane and came to rest partially blocking it, and that the entire sequence of events took only a few seconds.

The court did not err in charging on both emergency and accident. The evidence developed concerning the actions of all the drivers of moving vehicles would clearly authorize the charge on emergency and needs no further exposition. Plaintiff contends, however, that the charge on accident was not authorized because such a charge is only proper where the facts show a condition which was not created by the negligence of *any* person involved and that here, at the very least, the negligent blocking of the road by Webb set the chain of events in motion. The contention fails for the same reason given in Division 1. There was no evidence adduced that a negligent act caused the blocking of the road, regardless of what counsel may have personally known about the circumstances. The event was caused by something both unforeseen at the time and, upon trial, unexplained. See *Stone's Independent Oil Distributors v. Bailey,* 122 Ga. App. 294 (176 SE2d 613). As the jury would also have been authorized to find that none of the others were negligent, the charge on accident was proper. *Ware v. Alston,* 112 Ga. App. 627 (145 SE2d 721).

3. The evidence supports the verdict.

4. Plaintiff contends the court erred in allowing plaintiff to be cross examined concerning an estimate of repairs. His citation of authority relates to admission of unauthenticated writings, however. Here the written estimate was not admitted into evidence nor were the figures mentioned. The contention is without merit.

5. Defendant Carolina Freight Carriers was originally named a defendant as the employer of the truck driver Worley. It was later discovered that he was the employee of defendant Jerry Lipps, Inc. and it was added as a party by amendment. Before trial the parties stipulated

that Worley was the servant of Lipps. There is no basis for plaintiff's contention that defendant Carolina Freight Carriers should not have been dismissed as a party. In any event, the issue is moot as the verdict was for the servant.

6. The court did not err in denying plaintiff's motion to dismiss Worley on the grounds his answer was tendered beyond the required 30-day period. Within the 30 days, the court issued an order extending the time for Worley to file responsive pleadings, and the record shows he did so within the period of extension. *Code Ann.* § 81A-106 (b).

*Judgment affirmed. Pannell and Quillian, JJ., concur.*
ARGUED OCTOBER 4, 1972—DECIDED OCTOBER 26, 1972.

*Vernon W. Duncan*, for appellant.

*G. Thomas Crichton, Ross & Finch, I. J. Parkerson, Malcolm P. Smith, Dennis & Fain, Thomas S. Carlock*, for appellees.