31618. FOUNTAIN et al. v. DeKALB COUNTY et al.

INGRAM; Justice.

This is a condemnation case which began when DeKalb County filed condemnation proceedings (using a special master) to acquire temporary and permanent easements for the construction and maintenance of a surface water drainage retention pond for MARTA on the property of the appellant.

The condemnee filed a motion and counterclaim seeking to enjoin the special master from proceeding in the case. However, the record shows that the special master has completed his business by conducting a

hearing and awarding damages to the condemnee. The condemnee filed exceptions of law and fact to the special master's report and filed a separate appeal to a jury on the issue of damages. The parties are presently awaiting the jury trial. An in rem judgment has been entered in the superior court condemning the property interest sought by the condemnor and denying the relief sought by the condemnee.

The present appeal, from the order of the trial court adverse to the condemnee, complains that the trial court erred in overruling the condemnee's claim for injunctive relief and his exceptions to the special master's report and that the trial court also erred in denying the condemnee's motion to add parties, to compel answers to certain interrogatories directed to the condemnor and to remand the case to the special master to consider an award of attorney fees to the condemnee.

We must grant the condemnor's motion to dismiss the appeal. The case is still pending in the trial court and piecemeal review of the rulings of the trial court is not permissible without a certificate for immediate review and there is not one in this case. See *Housing Authority of the City of Decatur v. Baker,* 119 Ga. App. 109 (166 SE2d 437) (1969), and *City of Atlanta v. Turner Advertising Co.,* 234 Ga. 1 (214 SE2d 501) (1975). It is true that the denial of injunctive relief authorizes an interlocutory appeal. However, the injunctive features of the case have become moot as the special master has completed his work and has been discharged by the trial court. The errors enumerated by the condemnee can be pursued after the trial of the case before a jury in superior court if the judgment is adverse to him and he files a timely appeal therefrom. As these alleged errors cannot be considered in this appeal, the case will be dismissed in this court. Cf. *Sweat v. Ga. Power Co.,* 235 Ga. 281 (219 SE2d 384) (1975), where the condemnee appealed on a certificate of immediate review.

*Appeal dismissed. All the Justices concur.*

Argued October 13, 1976 — Decided October 26, 1976 — Rehearing denied November 24, 1976.

*Dillard & Shearer, George P. Dillard,* for appellants.
*Harvey, Willard & Elliott, Billy Olsen, Wendell K. Willard, Huie, Ware, Sterne, Brown & Ide, Charles N. Pursley, W. Stell Huie, Terrence Lee Croft,* for appellees.