### 53686. LEWIS v. NOONAN et al.

McMURRAY, Judge.

On June 6, 1975, defendant Nancy Noonan was driving east on Lumpkin Road in Richmond County. Nancy Noonan's mother, defendant Evelyn Noonan, the owner of the automobile, was with her. At some point between

Richmond Hill Road and Fleming Drive, Richard Lewis, Jr., age 3, ran in front of the Noonan automobile and was injured in the ensuing collision.

This action seeking damages for Richard Lewis, Jr.'s injuries and alleging negligence on the part of Nancy Noonan was brought by Richard Lewis, Jr.'s mother as his next friend. Upon the trial of the case the jury returned a verdict for defendants, and plaintiff appeals. *Held:*

1. The plaintiff contends that the court erred in commenting upon a diagram prepared by plaintiff's attorney as an incorrect and misleading illustration of the area where the accident occurred. The record discloses that when the judge made the remarks in question, plaintiff's counsel failed to object or move for mistrial. Such alleged errors cannot be raised for the first time on appeal. *Perkins v. Edwards,* 228 Ga. 470, 472 (3) (186 SE2d 109); *Palmer v. Stevens,* 115 Ga. App. 398, 401 (5) (154 SE2d 803).

2. "Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway. . ." Code Ann. § 68A-503 (a) (Ga. L. 1974, pp. 633, 660).

Plaintiff contends that the charging of this language placed a duty upon the plaintiff to yield the right-of-way at any point other than "at an intersection." This contention is without merit as that phrase modifies only "within an unmarked crosswalk," and does not modify the phrase, "within a marked crosswalk." Also without merit is plaintiff's contention that this charge is inappropriate because not adjusted to the evidence. There was no evidence of a crosswalk at the site of the collision, which did not occur at an intersection, but there was positive testimony by defendant Nancy Noonan that there was no crosswalk. *Wells v. Alderman,* 117 Ga. App. 724, 729-730 (2) (162 SE2d 18).

3. There was no error in giving the charge approved in *Russell v. Corley,* 212 Ga. 121, 122 (2) (91 SE2d 320). There was evidence of a violation of Code Ann. § 68A-503 (a), supra, and even though the child may not have been chargeable with contributory negligence because of his tender age, defendant was entitled to show that the

plaintiff was in fact violating the statute when his injury was sustained. *Russell v. Corley,* supra, p. 122 (1).

4. The remaining enumerations of error concern the giving or failure to give instructions to the jury. The plaintiff having failed to except upon the trial of the case as required by Section 17 of the Appellate Practice Act of 1965, as amended (Code Ann. § 70-207 (a); Ga. L. 1968, pp. 1072, 1078), and the exception provided by Section 17 (c) (Code Ann. § 70-207 (c), supra) being inapplicable after applying the test set forth in *Sullens v. Sullens,* 236 Ga. 645, 646 (224 SE2d 921), we may not examine these enumerations further.

In regard to plaintiff's requests to charge which were not given, we do not reach the issue raised in *Continental Cas. Co. v. Union Camp Corp.,* 230 Ga. 8, 14 (2) (195 SE2d 417). In that case the defendant objected to the court's refusal to give his request to charge. In the case sub judice the record fails to show any announced refusal by the court to charge the requested language or any exception to any failure to announce any refusal or any exception to any ultimate failure to charge the requested language. A suitable opportunity to except was given after the charge as required by Code Ann. § 70-207 (b), supra, and other exceptions were made. Also before the charge was given to the jury, a discussion was held "on requests to charge" between counsel and the court, but the transcript is silent as to what transpired during the discussion or as to any exceptions which might have been made at that time.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

Argued April 4, 1977 — Decided June 27, 1977.

*John D. Watkins,* for appellant.
*J. Walker Harper,* for appellees.