## 54325. WILLIAMS v. ATLANTA GAS LIGHT COMPANY et al.

SHULMAN, Judge.

Appellant was a passenger in a car which was struck from behind by a truck driven by appellee Grant, an agent of appellee Atlanta Gas Light Company. This appeal follows a verdict and judgment for defendants in the personal injury suit brought by appellant.

1. Appellant contends that the charge given on accident constituted harmful error. We cannot say that the charge was error because appellant's failure to object, as required by Code Ann. § 70-207 (a), precludes consideration of the charge. *Harper v. Ga. Southern &c. R. Co.,* 140 Ga. App. 802 (7) (232 SE2d 118); *Williams v.*

*Central of Ga. R. Co.,* 142 Ga. App. 523.

2. Appellant urges that the charge on sudden emergency was not authorized by the evidence in this case.

On the day of the wreck, the weather was cloudy and foggy with a misting rain. The road surface was slick. Appellee Grant testified that as his truck entered a slight curve and came over the crest of a hill, he saw appellant's vehicle stop suddenly to avoid hitting the car in front of appellant. According to appellee Grant, the car in front of appellant made an abrupt left turn without signaling. Appellee's speed was approximately 30-35 miles per hour. Appellee Grant immediately downshifted, applied his brakes, and steered the truck to the right and off the road. Although appellee Grant was successful in getting the truck off the highway, the truck's left front wheel hit the curb, went back on the highway and struck the rear of appellant's car on the passenger side. The charge did not constitute error. "Whether an emergency existed or not, that issue, like all questions of diligence, negligence, contributory negligence and proximate cause except in plain and indisputable cases, was a question for determination by the jury. [Cits.]" *Hieber v. Watt,* 119 Ga. App. 5 (3) (165 SE2d 899). See generally *Powell v. Jackson,* 142 Ga. App. 34 (234 SE2d 837).

The issue was properly submitted to the jury. *Douglas v. Herringdine,* 117 Ga. App. 72 (4) (159 SE2d 711); *Holcombe v. Carolina Freight Carriers Corp.,* 127 Ga. App. 456 (2) (193 SE2d 922). Cf. *Davis v. Calhoun,* 128 Ga. App. 104 (1) (195 SE2d 759) (if no choice of conduct charge on emergency not authorized).

3. Appellant contends that the language of the charge as given was error. However, appellant failed to properly object to the language of the charge. The sole objection raised was that "there is no evidence of sudden emergency." Accordingly, this enumeration presents nothing for consideration. *Harper v. Ga. Southern &c. R. Co.,* supra.

4. There was some confusion as to the accuracy of the transcript of the trial proceedings. After a hearing the transcript was certified by the trial judge as the full, complete and correct transcript of the proceedings in the

trial.

Appellant has failed to show where the final transcript as certified is incorrect or how he has been harmed. We cannot say that there was error here. See *Lynch v. State,* 143 Ga. App. 188.

5. Appellant contends that the court erred in excluding certain testimony of appellant's physician concerning appellant's medical damages. Since the jury resolved the issue of liability against the plaintiff, the exclusion of this testimony, if error, was harmless. *Christiansen v. Robertson,* 139 Ga. App. 423 (1b) (228 SE2d 350); reversed on other grounds, 237 Ga. 711 (229 SE2d 472).

*Judgment affirmed. Quillian, P. J., and Banke, J., concur.*

ARGUED SEPTEMBER 14, 1977 — DECIDED OCTOBER 4, 1977.

*Greene, Smith, Davis & Dodson, Laurie C. Davis, Jack M. Smith,* for appellant.

*Hansell, Post, Brandon & Dorsey, W. Lyman Dillon,* for appellees.