56039. FOUNTAIN et al. v. MARTA et al.

SHULMAN, Judge.

This is a condemnation case. DeKalb County filed condemnation proceedings to acquire temporary and permanent easements for the construction and maintenance of a surface water drainage retention pond for MARTA on appellant's property. Appellant counterclaimed, seeking compensation for damages to his property and business (a service station) resulting from the proposed closing and rerouting of a major thoroughfare abutting his service station. Appellant

alleged that the proposed closing and permanent rerouting would impede ingress to and egress from the service station, would require relocation of gasoline storage tanks and the station building, and that such relocation would not be possible when the easement was granted. Being dissatisfied with a jury verdict awarding $10,000 and denying attorney fees and expenses of litigation, appellant-condemnee brings this appeal. For the reasons stated in Division 10 of this opinion we reverse the judgment.

1. The trial court held that the counterclaim was premature and not properly part of the condemnation action because the appropriate governing authority had neither commenced proceedings nor engaged in any other actions to actually close or permanently relocate the road. Appellant vehemently argues that consideration of the counterclaim was an essential element of just and adequate compensation in this case. We disagree.

The court's refusal to consider the counterclaim and the exclusion of evidence relating thereto was proper. At best, the counterclaim alleged a proposal to close and relocate the road abutting the service station at some undefined time in the future, such proposal being coupled with no present action. The profferred evidence merely confirmed the existence of such a proposal. "A mere decision by [an entity] to acquire land for an authorized public purpose, without more, in no way affects the constitutionally protected property rights of abutting landowners." *Lindsey v. Guhl,* 237 Ga. 567, 572 (229 SE2d 354).

Because the counterclaim and evidence offered in support thereof concerned a prospective action which might or might not take place, the court properly held that that issue must be raised in a subsequent proceeding when, and if, the appropriate authority commences the closing and relocating of the road. Compare *Ga. Power Co. v. Jones,* 122 Ga. App. 614 (178 SE2d 265).

Evidence relating solely to the counterclaim was properly excluded on objection. *Dougherty County v. Snelling,* 132 Ga. App. 540 (4) (208 SE2d 362), overruled on other grounds, *Zuber Lumber Co. v. City of Atlanta,* 237 Ga. 358 (227 SE2d 362). For this same reason, requested

charges on this subject were properly refused. Accordingly, Enumerations 1, 2, 3, 10, 11, 12, 13, 14, 15, 20 and 21 are without merit.

2. This is the second appearance of this case. An earlier appeal from an order dated August 5, 1976, was dismissed because injunctive features were moot and a certificate for immediate review to authorize review of other asserted errors was lacking. See *Fountain v. DeKalb County,* 238 Ga. 14 (231 SE2d 49).

Appellant submits that *Fountain* specifically authorized him to raise at trial the issues which were the subject of the dismissed appeal. Accordingly, Enumerations 25 through 40 complain "of those portions of the Court's August 5, 1976, Order that denied appellant the right to raise the above issues which this Court has held properly admissible."

The Supreme Court held no such thing. *Fountain* did not hold that the issues complained of therein were admissible at trial. The decision did not involve the merits of the case. In preserving the condemnee's right to appellate review, the court noted that the "errors enumerated by the condemnee can be pursued after the [jury] trial. . ." *Fountain,* p. 15. Thus, the trial court was not obligated to submit the issues involved in *Fountain* to the jury.

3. Appellant contends that the admission of documentary evidence, a cross section drawing of condemnee's property and retention ponds, constituted error. It is urged that the document was not properly authenticated because it was not personally prepared by the witness but, rather, was prepared from contours obtained from aerial photography. See, e.g., *Ga. Power Co. v. Maddox,* 113 Ga. App. 642 (4) (149 SE2d 393), overruled on other grounds, *Christiansen v. Robertson,* 237 Ga. 711 (229 SE2d 472).

At trial, an expert witness, a civil engineer, testified that the exhibit accurately reflected the terrain and change in grade between the stream area and appellant's service station. This witness had physically inspected the appellant's property on numerous occasions, was familiar with the circumstances under which the exhibit was prepared, and was familiar with existing in-the-field

differences in grade and terrain of the property.

"[W]here a witness testifies as to the correctness of the drawing. . . it is not essential that the witness testifying to the correctness of the drawing, or plat, be the one who made it. [Cits.]" *Clarke County School Dist. v. Madden,* 99 Ga. App. 670 (2), 677 (110 SE2d 47). As this witness' testimony was sufficient to establish correctness, the admission of the exhibit was not erroneous for the reason assigned. *Bunger v. Grimm,* 142 Ga. 448 (83 SE 200). See also *McFarland v. DeKalb County,* 224 Ga. 618 (4) (163 SE2d 827).

4. In Enumerations 5 and 6, appellant complains that the court erred in denying him a thorough and sifting cross examination of certain witnesses. We find no such error.

"The scope of cross examination. . . is largely within the discretion of the trial judge. [Cit.] After examining the parts of the record cited by [appellant] in this regard, we find no abuse of discretion by the trial court in limiting cross examination." *Lindsey v. Guhl,* supra, p. 575.

5. In two related enumerations, appellant asserts that the trial court erred in excluding, on appellee's objection, testimony concerning the value of other property.

The record shows that certain testimony was properly excluded as unresponsive. Counsel made no further effort to elicit this testimony.

The other testimony concerned the sales price of another service station. As there was no showing of comparability between condemnee's property and the other service station, the court properly excluded the testimony. *Rowe v. City Council of Augusta,* 119 Ga. App. 571 (3) (168 SE2d 209).

6. Appellant complains that he was erroneously prevented from assigning to the property on which the service station is located a peculiar value based on its proximity to the residence he has occupied for the past several years.

Contrary to appellant's assertion, this evidence does not show a special or unique value and was properly excluded. *State Hwy. Dept. v. Noble,* 114 Ga. App. 3 (2) (150 SE2d 174). See also *State Hwy. Dept. v. Clark,* 123 Ga.

App. 627 (2) (181 SE2d 881).

7. In Enumerations 11, 12, 13, 14, 15, 16, 17, 18, 19, 20 and 21, appellant cites as error the court's refusal to instruct the jury in accordance with his timely written requests. Contrary to appellee's contention, appellant's counsel's failure to properly object (i.e., a general exception) to the refusal to charge at the conclusion of the jury charge does not preclude appellate review. Counsel properly objected to the refusal to charge when the court afforded counsel the opportunity. *Continental Cas. Co. v. Union Camp Corp.,* 230 Ga. 8 (2) (195 SE2d 417). *Compare Lewis v. Noonan,* 142 Ga. App. 654 (4) (236 SE2d 900).

Many of the refused charges included language concerning appellant's premature counterclaims and were not, therefore, authorized by the evidence. Those charges were properly refused. See Division 1 of this opinion. The substance of other charges was covered in the general charge.

Appellant submitted a timely written request to charge the following:

"The question for you to decide in this case is not what the condemnor has gained, but the value of what the condemnee, Mr. Fountain, has lost." This charge was improperly refused under the evidence of this case. *State Hwy. Dept. v. Thomas,* 115 Ga. App. 372 (1) (154 SE2d 812). See also Division 8 of this opinion as to the relevant evidence authorizing this charge.

8. Appellant contends that the trial court's charge regarding fair market value was erroneous because there is no evidence that fair market value would be just and adequate compensation. But see *Bryant v. Housing Authority of the City of Atlanta,* 121 Ga. App. 32 (172 SE2d 439), holding that fair market value is the same as just and adequate compensation unless there is some evidence indicating the property has special or particular value other than market value because of some unique feature.

Evidence was presented that fair market value alone would be insufficient as just and adequate compensation. See e.g., *Kessler v. Dept. of Transportation,* 142 Ga. App. 170 (235 SE2d 636). The jury was authorized to find that appellant had an exclusive location, that available property for service station use was limited, that it would

be necessary to convert the service station from full service to self service in order to remain competitive and that as a result of the easement conversion would be impossible.

A review of the charges, however, shows that the trial court did not restrict compensation to fair market value. The court specifically instructed that "the Constitutional provision requiring just and adequate compensation to be paid for private property taken for a public purpose does not restrict the owner's recovery solely to the market value of the property taken, but requires the condemnee to be compensated for all damages to his property and expenses caused by the condemnation proceeding."

The court instructed on consequential damages and directed the jury to consider diminution of business and expenses attributable to the surface water easement incurred by reason of relocating driveways, buildings or gas storage tanks in order to render the property useful for the special purpose for which it was designed and constructed, as well as other elements of damages. See, e.g., *State Hwy. Dept. v. Clark,* supra; and *Williams v. State Hwy. Dept.,* 124 Ga. App. 645 (2) (185 SE2d 616).

9. The trial court charged that the sentimental feelings of the condemnee or the condemnee's personal reluctance to part with the property were not compensable damage. Appellant objected to the charge as argumentative and confusing on the ground that the condemnee did not claim any sentimental value.

This issue was interjected by appellant's attempt to place a value on the property by taking into account that in "only three years of 51 years did [appellant] ever live more than five minutes away from that corner." Since appellant raised the issue, he cannot complain that the charge which correctly stated the law was unauthorized. See, e.g., *State Hwy. Dept. v. Casey,* 123 Ga. App. 70 (2) (179 SE2d 541); and *City of Gainesville v. Chambers,* 118 Ga. App. 25 (2) (162 SE2d 460).

We note that appellant's failure to object to the language of the charge precludes consideration on that basis. *Williams v. Atlanta Gas Light Co.,* 143 Ga. App. 400 (3) (238 SE2d 756). When properly objected to, the

language of the charge as given has been held to be reversible error. *Bowers v. Fulton County,* 221 Ga. 731 (9) (146 SE2d 884). Because we are reversing this case for the reason stated in Division 10, we need not decide whether, absent proper objection, the charge as given constituted reversible error.

10. In Enumeration 24, appellant asserts that the court's charge on the obligation to mitigate constituted reversible error. We agree and reverse the judgment on that basis.

The trial court charged that "the condemnee in this case is under a duty to minimize the damages which result from the condemnation. You should consider this duty as you deliberate on what is just and adequate in the case."

The record is devoid of any evidence that appellant had failed to mitigate damages or that it was in fact possible to do so. See generally, *Garber v. Housing Authority of Atlanta,* 123 Ga. App. 29 (3) (179 SE2d 300). Under these circumstances the charge constituted reversible error. *Jernigan v. Carmichael,* 145 Ga. App. 560 (3) (244 SE2d 92). Compare *Garber,* supra, where charge was authorized by evidence, see Division 5, and favorable to condemnee, see Division 3.

11. In Enumerations 27, 36 and 40, appellant assigns error to the court's denial of a motion to compel answers to interrogatories, which interrogatories were filed five days prior to the special master's hearing. Compare *Thornton v. State Hwy. Dept.,* 113 Ga. App. 351 (2) (148 SE2d 66) as to scope of discovery after the special master's proceeding. See also *Zuber Lumber Co. v. City of Atlanta,* supra, p. 363, "Wrap-up" as to procedure following special master hearing.

Because condemnation is a special statutory procedure, the provisions of the Civil Procedure Act apply only to the extent that such provisions do not conflict with specific rules of practice and procedure. *Nodvin v. Ga. Power Co.,* 125 Ga. App. 821 (2) (189 SE2d 118).

Chapter 36-6A "sets up a specific rule of practice and procedure, especially in view of the stated purpose of the chapter, i.e., 'to provide a simpler and more effective method of condemnation' where there is a 'necessity for a quick determination' or where, for several reasons, a

judicial supervision is desirable. Code Ann. § 36-602a." *Nodvin,* supra, p. 822.

Insofar as the discovery provisions of § 81A-133 allowing a thirty-day response period for interrogatories interfere with the speedy ascertainment of just and adequate compensation, the trial court properly refused to permit the use of discovery to delay the statutory condemnation proceedings.

Appellant's attempt to use a motion for a more definite statement as a substitute for discovery was also properly rejected. *Emerson v. Fleming,* 127 Ga. App. 296 (193 SE2d 249).

12. Appellant, citing *City of Atlanta v. Turner Advertising Co.,* 234 Ga. 1 (214 SE2d 501), asserts that the court erred in entering a final judgment of condemnation in this case without passing upon the timely filed exceptions to the award of the special master.

The record does not support this assertion. The trial court expressly stated in its order that the condemnee's exceptions were thereby overruled.

Enumeration 29 is therefore without merit. See also *Sweat v. Ga. Power Co.,* 235 Ga. 281 (4) (219 SE2d 384).

13. Enumerations 30, 32, 33 and 37 cite as error the failure of the special master to include findings of fact and conclusions of law on nonvalue issues.

The issue presented in these enumerations has been considered and decided adversely to appellant in *Sweat,* supra, Division 2. Code Ann. § 81A-152 does not apply to the special master and does not require a contrary result.

14. Contrary to appellant's argument, the jury award of additional damages over the original offer in the condemnation proceeding did not necessarily entitle him to expenses of litigation including attorney fees. The issue was submitted to the jury, and the jury was authorized to reject appellant's demand for attorney fees and reasonable and necessary expenses of litigation. *Dept. of Transportation v. Shelkeith,* 146 Ga. App. 581.

15. Enumeration 41 complains that the judge emeritus sitting in this case was without authority to preside. That allegation is not supported by the record.

16. Enumerations not addressed herein are not supported by argument or citation. Accordingly, under

the rules of this court, they are deemed abandoned.

*Judgment reversed. Bell, C. J., and Birdsong, J., concur.*

ARGUED MAY 23, 1978 — DECIDED SEPTEMBER 21, 1978 — REHEARING DENIED OCTOBER 12, 1978 —

*George P. Dillard, Gail C. Flake,* for appellants.
*Kutak, Rock & Huie, Charles N. Pursley, Jr., Harvey, Willard & Elliott, Wendell K. Willard,* for appellees.