58730. CHARTER MEDICAL CORPORATION et al. v. CURRY et al.

DEEN, Chief Judge.

Appellants, a nursing home and certain designated employees, appeal following a jury verdict awarding plaintiffs, children of the deceased, a judgment in the amount of $10,000.

1. Appellants complain of the refusal of the court to give the following timely submitted, written request to charge: "The court next instructs you that where a party is confronted with an emergency, not arising from its own negligence, it is not held to the same circumspection of conduct that it would be held to if it were acting without the compulsion of the emergency. Thus, when the party's agents are faced with a sudden emergency, they have the

right to choose even a dangerous course of action if that one seems safest under the circumstances. A person confronted with an emergency is not guilty of negligence if that person makes such choice of negligence as a person of ordinary prudence might make under the same circumstances."

"The refusal of the trial court to charge a pertinent and applicable principle of law with respect to a major contention of the defendant after it had been timely requested in writing [is] error." *Wallace v. Willis,* 111 Ga. App. 576 (2) (142 SE2d 383) (1965). In the present case, the evidence showed that certain emergency procedures were attempted by the nursing home's employees after the decedent began to choke in the dining room while eating a piece of tomato. The decedent had brought the tomato into the dining room and cut it with a knife before attempting to eat it. Appellee argues that a charge on emergency was not warranted because the choking incident only became an emergency because of appellant's negligence and inaction, and that the charge as requested fails to leave the question of emergency for a jury decision. There is no contention that the charge does not contain a correct statement of the law of emergency or that appellants were held to a higher standard of care in an emergency than that of an ordinary prudent person. We agree that the question of whether an emergency arises is a jury question. *Williams v. Atlanta Gas Light Co.,* 143 Ga. App. 400 (238 SE2d 756) (1977). However, we disagree that to give such a charge would be improper because appellant's action or non-action caused the emergency. That issue must also be one for jury resolution. As we find no authority to hold appellants to a higher standard of care than that of the ordinary person under the circumstances, the sole question to be determined is whether the use of "where" in the first sentence and the use of "when" in the second would express an opinion on the facts and remove the issue of emergency from jury consideration.

While this court in *Pollard v. Balon,* 61 Ga. App. 406, 411 (6 SE2d 400) (1939), approved a charge that was phrased "*. . . if you find* that the plaintiff was confronted by a sudden or dangerous situation . . ." (emphasis supplied),

we do not believe that the phrase "if you find" contains magic words which must always precede a charge on emergency as contended by the appellee. Certainly there are other words which may be used which leave no doubt in the jury's mind that it is the finder of fact.

In the first sentence of the request, "where" can be interpreted as meaning "in case of" or "in the event that": Black's Law Dictionary (4th Ed., 1968). The use of the word "where" in a charge "Where they (insurers) knew the plaintiff was using his car in a manner not permitted by the terms of the policy . . .," was not erroneous as being a charge on the facts as the word is used in the sense of "if." Graham v. Standard Fire Ins. Co., 119 S. C. 218 (112 SE 88) (1922). "When" as used in the second sentence of the charge can mean "in the event that" or "on condition that." Black's Law Dictionary, supra, at 1767. The Supreme Court has held that the use of "when" in a charge "when she shows you . . ." does not express an opinion. *Atlantic C. L. R. Co. v. Jones,* 132 Ga. 189 (4) (63 SE 834) (1908). In *Hening v. Nelson,* 20 Ga. 583, the court noted that the word "when" is frequently used in the sense of "if" or "whenever." We do not believe that the use of the words "where" and "when" in the requested charge would have caused the jurors to think that the court had expressed an opinion as to the issue of emergency. An examination of the entire charge shows that the court's charge included the statement, "Whether a party was or was not negligent, and indeed all questions of fact in this case, are questions solely and exclusively for your determination, and the court has no opinion, and expresses no opinion, concerning such matters." It is a well established rule of law that the entire charge must be examined as a whole because when it is torn to pieces it may, when the various parts are considered separately, seem erroneous. *Atlanta Metallic Casket Co. v. Hollingsworth,* 104 Ga. App. 154 (121 SE2d 388) (1961). In the present case, the requested charge by itself is not an erroneous charge which would cause a jury to feel that the issue of emergency is foreclosed; when it is considered in the context of the entire charge, there is absolutely no doubt that emergency was an issue for jury resolution. Therefore, the trial court erred in refusing to give the requested charge.

2. Appellants also contend that the trial court erred in failing to grant its motion for a judgment notwithstanding the verdict because there was no evidence to support a contention that it was negligent. After reading the trial transcript, we must disagree.

3. Appellants' remaining enumerations of error will not be discussed as this case must be reversed and remanded for a new trial for the reasons set forth in Division 1.

*Judgment reversed. Shulman and Carley, JJ., concur.*

ARGUED OCTOBER 3, 1979 — DECIDED NOVEMBER 13, 1979.

*Thomas S. Carlock, Wade K. Copeland,* for appellants.

*W. Carl Reynolds,* for appellees.