59619. FOUNTAIN et al. v. DeKALB COUNTY et al.

QUILLIAN, Presiding Judge.

This is a condemnation case of a portion of defendant Fountain's land on which he operated a gasoline service station. Condemnation was initiated by DeKalb County on behalf of MARTA. The date of the original taking was March 30, 1976. Fountain alleges he was forced to close his service station in March, 1978. He appeals from a jury verdict of $7,020, contending the trial court erred in refusing to admit evidence of his counterclaim which was based on "other damages to the business [caused by] the permanent barricading of the streets or a taking or damaging of the business caused by the closing of the streets."

Fountain owned a service station at the northeast corner of the intersection of Howard Avenue and East Lake Drive. Howard Avenue runs east and west and is parallel to and adjacent to the railroad. East Lake runs north and south and crosses Howard Avenue and the railroad at ground level. The east MARTA line was to be built parallel to and between Howard Avenue and the railroad. Because MARTA trains could not stop at the East Lake grade crossing, East Lake was lowered to go under Howard Avenue, MARTA, and the railroad tracks. East Lake Drive was moved westward — away from Fountain's service station, to go through the new underpass. The lowering of East Lake necessitated a change in the surface water drainage pattern. This specific condemnation proceeding was to take care of surface water drainage by providing a permanent easement to construct and maintain a dam and drainage retention pond, and a temporary construction easement to build the dam and retention pond.

Fountain's gasoline service station had been built on landfill placed in the northeast corner of the intersection of Howard Avenue and East Lake Drive. On the rear of the service station there was a drop of about 20 to 30 feet to the old drainage area. The two easements sought in this condemnation proceeding were in the area behind Fountain's service station.

Condemnor's expert witness placed the value of the two easements, plus consequential damages, at $7,020. The jury

returned a verdict for that amount. The condemnee brings this appeal. *Held:*

1. This is the third appearance of this case in our appellate courts. In *Fountain v. DeKalb County,* 238 Ga. 14 (231 SE2d 49), the Supreme Court refused to entertain piecemeal review of the issues without a certificate of immediate review. Thereafter, in *Fountain v. MARTA,* 147 Ga. App. 465 (249 SE2d 296), we held that the trial court's "refusal to consider the [defendant's] counterclaim and the exclusion of evidence relating thereto was proper." The trial court had ruled that Fountain's counterclaim "was premature *and* not properly part of the condemnation action because the appropriate governing authority had neither commenced proceedings nor engaged in any other actions to actually close or permanently relocate the road." (Emphasis supplied.) Id. at 466.

Pretermitting any issue as to "law of the case" (see *Lee v. Warren,* 231 Ga. 129 (200 SE2d 270); *Bullock v. Grogan,* 141 Ga. App. 40 (1) (232 SE2d 605)), we again find that the trial court's refusal to consider the counterclaim and exclusion of evidence relating thereto was proper.

" 'There are only two elements of damages to be considered in a condemnation proceeding: first, the market value of the property actually taken; second, the consequential damages that will *naturally and proximately arise* to the remainder of the owner's property *from the taking of the part which is taken* and the devoting of it to the purposes for which it is condemned, . . . and the measure of these consequential damages is the *diminution in the market value* of the remainder of the property *proximately arising from these causes . . .* '" *Dept. of Transportation v. Simon,* 151 Ga. App. 807, 810 (261 SE2d 710). Accord, *Reed v. City of Atlanta,* 136 Ga. App. 193, 195 (220 SE2d 492). In assessing consequential damages, only "consequential damages, if any, which *naturally and proximately arise to the remainder of the condemnee's property from the original taking*" will be considered in the condemnation action. Id. at 814. Therefore, it must be shown that the consequential damage to the remainder was "a continuous and permanent incident" of the taking in the present action. *MARTA v. Datry,* 235 Ga. 568, 580 (220 SE2d 905).

Succinctly stated, the issue here is did the alleged consequential damages to Fountain's business occur as a result of the taking of the easements on the rear of his property, or did the alleged consequential damages to Fountain's business occur as a result of the relocation of East Lake Drive to the west and making it an underpass under Howard Avenue, the new MARTA line and the railroad? It is clear that the closing of the old East Lake Drive in

front of Fountain's service station was not the result of the taking of the drainage easement behind Fountain's service station — which was accomplished by this condemnation action. The closing of the street — which defendant claims was the precipitating factor in the demise of his business, was due to the relocation of the street — East Lake Drive, from in front of the service station to the west and making it into an underpass under Howard Avenue, the new MARTA line, and the railroad. "Consideration of damages which arise from devoting the part of the land taken to the use for which it was taken is not the same as consideration of damages which arise from the entire 'project.'" *Simon v. Dept. of Transportation,* 245 Ga. 478 (1980). Thus, any alleged damages resulting from the closing of East Lake Drive to Fountain's business were not "naturally and proximately" caused by the taking of the drainage easements behind Fountain's service station — in the present condemnation action, and Fountain must pursue his remedy in a separate action. *Fountain v. MARTA,* 147 Ga. App. 465, supra; *Dept. of Transportation v. Simon,* 151 Ga. App. 807, 811, supra; *Simon v. Dept. of Transportation,* 245 Ga. 478, supra.

2. As we have held that the closing of East Lake Drive was not incident to the taking of the easements in the instant action, enumerations of error 7, 8, and 9 — relating to damages included in the counterclaim, are not meritorious.

3. Defendant's objections to plaintiff's Exhibits 3, 4 and 18 are not legally tenable. These exhibits — a photograph and two drawings, were used by plaintiff's witnesses to depict matters relevant to the issues before the court. Although drawings may not be to scale, any inaccuracy or incompleteness can be brought out on cross examination. *Clarke County School District v. Madden,* 99 Ga. App. 670, 676-677 (110 SE2d 47); *Rouse v. Fussell,* 106 Ga. App. 259 (5) (126 SE2d 830); Green, Ga. Law of Evidence 197, 202, §§ 83, 86. A trial court has discretion as to admissibility of a diagram or sketch and those shown to be substantially accurate, as in the instant case, are admissible with the degree of inaccuracy going to the weight to be given to the exhibit — which is to be determined by the jury. See *Savannah Ice Delivery Co. v. Ayers,* 127 Ga. App. 560 (2) (194 SE2d 330); Agnor's Ga. Evidence 315, § 15-2.

4. We find the charge of the court to be adjusted to the evidence and to correctly state the law. Accordingly, Enumerations 11, 12, 13, 14, and 15 are without merit.

5. The verdict of the jury and judgment of the court are supported by and are within the range of the admissible evidence. The trial court did not err in denying defendant's amended motion for new trial. Therefore, Enumerations 1, 2, 3, and 4 are not

meritorious.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

ARGUED MARCH 4, 1980 — DECIDED APRIL 9, 1980.

*George P. Dillard,* for appellants.
*Charles N. Pursley, Jr.,* for appellees.