## 68003. FISKE et al. v. RAMEY.

Pope, Judge.

Appellee Thomas H. Ramey, Jr. d/b/a Thomas H. Ramey Enterprises brought suit against appellants Julius Fiske and Gloria Fiske alleging breach of contract, malicious prosecution, and wrongful interference with real property. After trial to a jury, a verdict for Ramey in the amount of $26,861.44 was returned and made the judgment of the court.

1. In their first enumeration, the Fiskes argue that the trial court erred in not granting their motion for new trial in that the verdict was contrary to the evidence and the law. "It is not the responsibility of this court to weigh the evidence in regard to the action brought. [Cit.] Our task is 'merely to determine if there is sufficient evidence to authorize the trial court's judgment.' [Cit.] If there is any evidence to support the jury's verdict and the trial court's judgment, then all conflicts in the evidence will be resolved to favor the verdict. [Cits.]" *Triple A Delivery Co. v. Flexi-Van Leasing*, 167 Ga. App. 343 (306 SE2d 414) (1983). We find there is evidence to support the verdict; therefore, the Fiskes' first enumeration is without merit.

2. "In ruling upon a motion for a directed verdict, this court must construe the evidence most favorably to the party opposing the motion. [Cit.] In reviewing the denial of a motion for a directed verdict, the proper standard to be utilized by appellate courts is the 'any evidence' test. [Cit.]" *Minuteman Press Intl. v. Hedrick*, 167 Ga. App. 453 (306 SE2d 718) (1983). OCGA § 51-7-40 sets out four elements which must be established in order to sustain an action for malicious prosecution: 1) a criminal prosecution, 2) carried on maliciously, 3) without probable cause, 4) which causes damage to the person prosecuted. Evidence adduced at trial authorized the jury to find that Julius Fiske had Ramey arrested on a warrant for criminal trespass upon the property of the Kingwood Country Club; that Ramey was upon property owned by his son at the club, and was in the presence of and accompanied by a member of the country club; that the prosecution was dismissed by the district attorney for lack of probable cause; and that personal relations between Julius Fiske and Ramey, who had been business partners, had grown increasingly rancorous in the weeks preceding the issuance of the warrant. We find there was sufficient evidence to submit the issue of malicious prosecution to the jury. Thus, the trial court did not err in denying the motion for directed verdict.

3. Finally, the Fiskes argue that the trial court erred in not submitting to the jury a special verdict form in which the jury would have been required to find upon each count separately. Where separate items of recovery are sought, there is no requirement that the

verdict form be framed in a manner to reflect the separate items rather than a lump sum. *Fidelity &c. Co. of N. Y. v. Mangum*, 102 Ga. App. 311 (7) (116 SE2d 326) (1960).

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED MAY 22, 1984 —
REHEARING DENIED JUNE 15, 1984 —

*Robert F. Oliver, Timothy P. Healy*, for appellants.
*Dennis T. Cathey*, for appellee.