68015. ELLIS v. CAMERON & BARKLEY COMPANY et al.

POPE, Judge.

Joe S. Ellis brought suit against The Cameron & Barkley Company and its employee Glenn E. Drawdy for injuries allegedly sustained in a two-vehicle accident which occurred on April 23, 1980. Ellis was a passenger in a truck driven by Larry Walls. The Walls' vehicle had entered the highway, was proceeding at a slow rate of speed, and attempted to make a left turn. It was at this point that Walls' vehicle was struck from behind by the truck driven by Drawdy. After trial to a jury, a verdict was returned in favor of both defendants. Ellis now appeals, alleging eight errors.

1. Ellis argues the trial court erred in allowing the defendants to call Dr. Gillespie, an expert medical witness, out of turn and to have him testify during Ellis' case-in-chief. Counsel for the defendant stated that he had Dr. Gillespie under subpoena, that Dr. Gillespie had testimony not previously adduced at his deposition, and that the doctor would not be readily available for testimony on the second and final day of trial due to scheduled surgery. "Much latitude of discretion must be allowed the Courts, as to their mode of conducting business. . . ." *Hatcher v. State*, 18 Ga. 460 (1) (1855). "The order in which a party is to introduce his evidence is to be regulated by the discretion of the Court." *White v. Wallen*, 17 Ga. 106, 107 (1855). "Discretion in regulating and controlling the business of the court is necessarily confided to the judge; and this court should never interfere with its exercise unless it is made to appear that wrong or oppression has resulted from its abuse." *Carr v. State*, 76 Ga. 592 (2c) (1886). No such abuse occurred here.

2. Ellis contends that the trial court erred in allowing counsel for the defendants to impeach a witness by use of his deposition and then refusing to allow his counsel to question the witness concerning the same portion of the deposition. The question asked was properly ob-

jected to as leading. Counsel for Ellis took no exception and made no offer of proof on this point. Failure to make an offer of proof leaves nothing for this court to review. *Williams v. Tribble*, 140 Ga. App. 390 (231 SE2d 86) (1976). Moreover, "[t]he conduct and extent of redirect examination which follows and is intended to neutralize the effect of the cross-examination is left to the sound discretion of the trial judge, and will not be controlled by the reviewing court unless abused." *Aycock v. State*, 62 Ga. App. 812, 817 (10 SE2d 84) (1940).

3. Ellis asserts error in the trial court permitting the defense to call two surprise witnesses without affording his counsel reasonable opportunity to interview these witnesses. The record shows that the trial court offered counsel for Ellis an opportunity to interview the witnesses before they were called. The record also shows that counsel declined the opportunity. Such an "all or nothing" stance in the situation faced by counsel was ill-advised. Counsel now argues that the court did not afford him "reasonable" opportunity to interview the witnesses. However, we cannot say whether the time afforded for the interviews by the court would have been reasonable or not because counsel completely waived the opportunity. As this court said in *Redwing Carriers v. Knight*, 143 Ga. App. 668, 673 (239 SE2d 686) (1977): "The proper procedure would have been to accept the offer of interview and then to seek any additional relief thought necessary." Accord *Mann v. State*, 167 Ga. App. 829 (1) (308 SE2d 12) (1983). We find no merit in this enumeration.

4. Ellis contends the trial court erred in restricting his cross-examination of Virgil Jacobs, and by making remarks concerning his counsel's objections and his case in general. None of these alleged errors is meritorious. Regarding the alleged comments by the court, no objection was made at trial, nor was a motion for mistrial requested. Thus, in this matter we have nothing to review. *Lewis v. Noonan*, 142 Ga. App. 654 (1) (236 SE2d 900) (1977). In regard to the cross-examination of Virgil Jacobs, the record shows that he was a former business partner of the plaintiff Ellis. Counsel for Ellis cross-examined Jacobs at some length regarding their business relationship and had established that bitter feelings existed between the two as a result of a dispute over the books of the business. It was only when counsel had asked Jacobs how much he owed Ellis and Jacobs replied that he owed Ellis nothing that the court instructed counsel to move on. While a party has a right to a thorough and sifting cross-examination, the trial court has a concomitant duty to restrict such examination to matters reasonably relevant to the issues at trial. The discretion of the trial court in this regard will not be disturbed unless manifestly abused. *Ayers v. Carter*, 159 Ga. App. 680 (2) (285 SE2d 55) (1981). We find no such abuse here.

5. Ellis argues that the following charge by the court was error:

"In determining the Plaintiff's loss for each year it would be your duty to take into consideration the fact that old age itself as it comes upon one reduces the capacity to labor and earn money. Take into consideration the uncertainty of business, the difficulty of obtaining and keeping steady employment, the fact that a person rarely if ever labors every day of his life. Give due consideration to and make allowances for all of these matters and determine finally what sum you think would represent his future, average, annual dollar loss for each year throughout his remaining life." Ellis contends that the reference to old age reducing one's capacity to labor and earn money is somehow improper as age discrimination. We fail to see how this is so. The charge simply points out to the jury several commonsense factors to be *considered* by them in attempting to arrive at a fair approximation of damages. No factor is mandatory. In the case of *Thomas v. Barnett*, 107 Ga. App. 717, 730 (131 SE2d 818) (1963), Judge Bell, in his special concurrence, discussed the pertinent authorities regarding the giving of a charge on the effect of old age on earning capacity. The first conclusion reached by Judge Bell after his study of the authorities is: "It is never error for the judge to charge in this respect." *Thomas v. Barnett*, supra at 732. We see no reason to discard this principle.

The trial court did not err in charging upon sudden emergency, see *Federal Ins. Co. v. Pascoe Steel Corp.*, 161 Ga. App. 204 (1) (288 SE2d 267) (1982), nor did it err in giving a recharge to the deadlocked jury. "The court's instruction to the jury should be looked to as a whole, and if the applicable law is stated accurately and fairly, in such manner as to work no prejudice . . ., then this court will not consider a challenge to the wording of isolated segments. [Cit.]" *Riceman v. State*, 166 Ga. App. 825, 827 (305 SE2d 595) (1983). Taken as a whole, the recharge was proper. Nor was the timing of the recharge error. See *Harris v. Collins*, 149 Ga. App. 638 (2) (255 SE2d 107) (1979).

6. Finally, Ellis argues that the verdict was contrary to the evidence and the law. "It is not the responsibility of this court to weigh the evidence in regard to the action brought. Our task is merely to determine if there is sufficient evidence to authorize the trial court's judgment. If there is any evidence to support the jury's verdict and the trial court's judgment, then all conflicts in the evidence will be resolved to favor the verdict." (Citations and punctuation omitted.) *Fiske v. Ramey*, 171 Ga. App. 210 (1) (319 SE2d 26) (1984). Our review of the record shows evidence to support the verdict; the enumeration is without merit.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

214

R. Edgar Campbell, for appellant.
Kenneth B. Hodges, Jr., for appellees.