A93A1430. CITY OF DALTON v. SMITH et al.
(437 SE2d 827)

JOHNSON, Judge.
The City of Dalton filed a petition to condemn land owned by Mark and Terry Smith. The superior court appointed a special master to conduct the condemnation proceeding. The special master awarded the Smiths $182,000 as the fair market value of the condemned property. The Smiths appealed to the superior court, challenging the special master's finding as to the property's value. The jury returned a verdict in favor of the Smiths in the amount of $271,126. The court entered final judgment on the verdict. The city appeals from that judgment.

1. The city argues that the court erred in charging the jury on the

statute of frauds requirement that a contract concerning an interest in land must be in writing to be binding because the Smiths waived an affirmative defense based on the statute of frauds by failing to raise it in the pleadings. See *Brantley Co. v. Simmons*, 196 Ga. App. 233, 234 (395 SE2d 656) (1990). We cannot consider this argument because the trial transcript reveals that the city's objection to the statute of frauds charge was made on other grounds, "and on appeal only issues properly raised before the trial court will be considered." (Citations and punctuation omitted.) *Zappa v. Auto. Precision Machinery*, 205 Ga. App. 584, 585 (4) (423 SE2d 286) (1992); *Ramey v. Leisure, Ltd.*, 205 Ga. App. 128, 133 (3) (421 SE2d 555) (1992). "Where an entirely different objection is presented on appeal, we cannot consider it because this is a court for review and correction of error committed in the trial court." (Citations and punctuation omitted.) *Walls v. State*, 204 Ga. App. 348, 349 (2) (419 SE2d 344) (1992).

2. The city contends that the court erred in excluding from evidence a document purporting to grant the Smiths an easement across the condemned property to their remaining property. "Evidence must relate to the questions being tried by the jury and bear upon them either directly or indirectly. Irrelevant matter should be excluded." OCGA § 24-2-1; *King Cotton, Ltd. v. Powers*, 190 Ga. App. 845, 850 (4) (380 SE2d 481) (1989). The document in question was executed by the city during the trial, over a year after the date the property was actually taken. The trial court properly excluded the document as irrelevant since the only question for decision in this case was the value of the property at the time of its actual taking. *DeKalb County v. United Family Life Ins. Co.*, 235 Ga. 417, 418 (219 SE2d 707) (1975); *Brookhaven Assoc. v. DeKalb County*, 187 Ga. App. 749, 750 (1) (371 SE2d 231) (1988); *City of Atlanta v. West*, 123 Ga. App. 255, 256-257 (1) (180 SE2d 277) (1971).

3. In its third and fourth enumerations of error, the city contends that the court's jury charge regarding admissions in judicio was insufficient and that the court erred in refusing to give four of its requested charges on such admissions. "It is axiomatic that a jury charge need not be given in the exact language requested if the charge as given clearly covers the circumstances of the case. All that is necessary, provided the requested charge accurately states the relevant principles of law, is that these principles be fairly given to the jury in the general charge. When it can be determined that the charge actually given conveys correctly the intent of the law and is so framed as to be applied with understanding to the fact situation, denial of a request for a specific charge is not reversible error." (Citations and punctuation omitted.) *Swint v. Smith*, 204 Ga. App. 54, 55 (2) (418 SE2d 375) (1992). Here, the court did not err in refusing to give the requested charges because the charge actually given regarding admis-

sions in judicio was sufficient. These enumerated errors are without merit.

4. The city complains that the court erred in giving four of the Smiths' requested charges regarding the law of access to a public road. The record reveals that the city waived any objections to these charges by failing, upon inquiry by the court, to object or reserve exceptions to these charges. *Rodriquez v. Davis*, 202 Ga. App. 550 (1) (415 SE2d 41) (1992); *Hunter v. Hardnett*, 199 Ga. App. 443, 445 (3) (405 SE2d 286) (1991).

5. The city argues that the court erred in refusing to give its written request to charge the jury that loss of privacy caused by a public project is not a proper element of damages. "[W]here the trial court refused to instruct the jury in accordance with a timely submitted written request, in order to secure review of that action on appeal it is unnecessary for the party to state grounds of objection to such refusal at the conclusion of the charge. It is only necessary that the refusal to charge be objected to at some point." (Citations and punctuation omitted.) *Kres v. Winn-Dixie Stores*, 183 Ga. App. 854, 856-857 (3) (360 SE2d 415) (1987). The portion of the trial transcript cited by the city in support of its claim that it objected to the court's refusal to give the requested charge actually shows that the city did not make such an objection. Our review of the entire record fails to reveal that the city, at any point during the trial, excepted to the court's refusal to give the requested charge. The city therefore has waived appellate review of the court's ruling. *Lewis v. Noonan*, 142 Ga. App. 654, 656 (4) (236 SE2d 900) (1977).

Even if the city had not waived the objection, it is without merit because the requested charge is not an entirely correct and accurate statement of the law. *Lee v. Bartusek*, 205 Ga. App. 551 (422 SE2d 570) (1992). Loss of privacy is "an element to be considered in determining whether there were consequential damages to the remainder." *Macon-Bibb County Water &c. Auth. v. Reynolds*, 165 Ga. App. 348, 351 (2) (299 SE2d 594) (1983). The trial court did not err in refusing to give the requested charge.

6. The city contends that the court erred in failing to give its requested charge on the Smiths' duty to mitigate damages. The only evidence cited by the city in support of such a charge is the fact that the Smiths objected to the admission into evidence of the document discussed in Division 2 of this opinion. The city's contention is wholly without merit; an objection to inadmissible evidence cannot itself be considered evidence of failure to mitigate damages. As the record is devoid of any evidence that the Smiths failed to mitigate damages or that it was in fact possible to do so, the court correctly refused to give the requested charge. *Dept. of Transp. v. Eastern Oil Co.*, 149 Ga. App. 504, 505-506 (4) (254 SE2d 730) (1979); *Fountain v. MARTA*,

147 Ga. App. 465, 471 (10) (249 SE2d 296) (1978).

7. The city complains that the court erred in allowing two non-expert witnesses to give opinion testimony as to the fair market value of the property in question. "Direct testimony as to market value is in the nature of opinion evidence. One need not be an expert or dealer in the article in question but may testify as to its value if he has had an opportunity for forming a correct opinion." OCGA § 24-9-66. "To give an opinion on value the witness must supply reasons by showing knowledge, experience or familiarity as to value. Testimony that the witness is familiar with the value of the item in question is sufficient." (Citation and punctuation omitted.) *City of Alma v. Morris*, 180 Ga. App. 420, 421-422 (3) (349 SE2d 277) (1986). Both of the witnesses in the present case testified that they are familiar with the property in question and, because of their lengthy experience in the construction business, have knowledge of land values in the vicinity of that property. Based on the witnesses' experience and familiarity with the property in question, the trial court did not abuse its discretion in admitting their opinion testimony as to value and it was for the jury to determine the weight and credit to be given such evidence.

8. The city's complaint that the court erred in permitting two expert witnesses to give their opinion of the consequential damages to the remainder property presents nothing for review because the city did not object to the testimony at trial. "In this state it is necessary to object to evidence at the time it is actually offered, and failure to do so amounts to a waiver of any objection which the party might have had." (Citations and punctuation omitted.) *Ramey v. Leisure, Ltd.*, supra at 132 (2).

9. The city asserts that the court improperly submitted to the jury the question of whether the Smiths have either temporary or permanent access to their remainder property. This assertion is without merit because the Smiths sought consequential damages based on impaired access to their remaining property and there was conflicting evidence as to whether the city had guaranteed such access at the time the property was taken. "It is up to the trier of fact to decide if there has been substantial impairment and if so, the value. Whether a property owner has reasonable access to the property under the circumstances and whether the existing access was substantially interfered with are questions of fact to be decided by the jury." (Citations and punctuation omitted.) *Taylor v. Dept. of Transp.*, 207 Ga. App. 707, 709 (1) (429 SE2d 108) (1993).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 28, 1993 —
RECONSIDERATION DENIED NOVEMBER 12, 1993 ▮

McCamy, Phillips, Tuggle & Fordham, James H. Phillips, Daniel T. Strain, Jr., for appellant.

Minor, Bell & Neal, John T. Minor III, Steven B. Farrow, for appellees.

Teresa B. Smith, pro se.