A96A1347. DEPARTMENT OF TRANSPORTATION v. PITMAN.
(479 SE2d 112)

POPE, Presiding Judge.

In 1987, condemnor Department of Transportation filed a condemnation petition acquiring .615 acres of land located on the east

side of Interstate 75. The land was owned by condemnee Chevron U. S. A., Inc. and leased to condemnee Norman Jack Pitman, who operated a Chevron station on the land. Dissatisfied with the amount DOT offered for their respective property interests, both Chevron and Pitman appealed the condemnation in superior court. Chevron, however, resolved its dispute with DOT prior to trial, and it was dismissed as a party. The only issue at trial concerned Pitman's claim for business damages resulting from the loss of his service station.

DOT argued that Pitman had no business damages as a result of the loss of the Chevron station because Pitman successfully relocated his business to a BP station on the west side of the interstate at the same exit as the Chevron station. The BP station was leased in 1980 by Linoco, Inc., whose sole shareholders were Pitman and his wife. After hearing all the evidence in the case, including that concerning Pitman's purported relocation of the Chevron station's business, the jury returned a $250,635 verdict in Pitman's favor. DOT appeals, asserting four enumerations of error. We affirm.

1. DOT contends that the trial court committed reversible error in refusing to instruct the jury that Pitman had a duty to minimize or mitigate any business damages he might have suffered. We disagree. A mitigation charge is only required in cases like this when there is evidence that a condemnee has failed to mitigate its damages. *Fountain v. MARTA*, 147 Ga. App. 465, 471 (10) (249 SE2d 296) (1978). In fact, in *Fountain*, we held that it was reversible error for a trial court to give such a charge absent evidence that it was both possible for a condemnee to mitigate its damages and that the condemnee had failed to do so. Id. In the instant case, DOT presented no evidence that Pitman could have mitigated his damages, but failed to do so. Instead, as mentioned above, it argued that Pitman had no damages whatsoever. Accordingly, we conclude that the trial court did not err in failing to charge the jury that Pitman had a duty to minimize or mitigate his damages. The charge clearly was not adjusted to the evidence adduced at trial. For refusal of a charge to constitute error, the charge must be adjusted to the evidence. *Sharp v. Fagan*, 215 Ga. App. 44, 46 (4) (449 SE2d 648) (1994).

2. During trial, Pitman testified without objection concerning the origin of the Chevron station's business. Specifically, Pitman testified that 90 percent of the Chevron station's business came from northbound traffic on I-75, and that the rest of the business came from local traffic. Pitman also testified that only three percent of the business came from southbound traffic on I-75. DOT contends that Pitman's testimony amounts to opinion testimony from a non-expert witness and that Pitman failed to state the facts upon which his opinion testimony was based. Based on this contention, DOT argues that the trial court erred in failing to instruct the jury that: "A non-

expert witness cannot give his opinion unless he also gives the facts upon which he bases his opinion. When an opinion is not supported by the facts testified to as the basis for the opinion, it has no probative value and cannot support a verdict." We cannot agree.

It is clear from the record that Pitman's testimony regarding the origin of the Chevron station's business was based on his personal experience working at the Chevron station on a daily basis for almost 18 years. This personal experience certainly qualified Pitman as an expert with regard to the origin of the station's business. Even if this were not the case, Pitman's actual personal experience and observations would constitute a factual basis for his opinion. Consequently, we conclude that the trial court did not err in failing to give DOT's requested charge on non-expert opinion testimony.

3. We also conclude that the trial court did not err in failing to charge the jury that "the reluctance of the condemnee to part with the property is not the subject matter of consideration for the jury and the same does not constitute compensable damage." Although this charge appears to be a correct statement of law, see *Central Ga. Power Co. v. Mays*, 137 Ga. 120, 122 (2) (72 SE 900) (1911); *Fountain v. MARTA*, 147 Ga. App. at 470 (9), the charge was not justified by the evidence of record. Unlike the condemnee in *Fountain*, a review of the record in the instant case demonstrates that Pitman never attempted to place a value on his business damages based on any reluctance or unwillingness to part with the Chevron station. He never testified that he objected to the taking, and he claimed no damage from any reluctance to part with his business interest. The only damage claim Pitman made was based on the difference between the value of his business interest in the Chevron station before and after the taking. Contrary to DOT's contention, the mere fact that Pitman stated that the BP station had originally been leased with the intent that one day Pitman's son would run that station while Pitman and his wife ran the Chevron station does not evince an attempt by Pitman to place a value on the property interest taken based on any reluctance or unwillingness to part with the Chevron station. The statement was not made during any discussion as to value, and the statement only informed the jury about the reason the BP station originally had been purchased in 1980.

4. During the course of the trial, Pitman called certified public accountant Ross Lane to testify as an expert witness. The record shows that after Lane testified about his appraisal of Pitman's Chevron station's business both before and after the taking, Pitman asked him why he did not take into account income information from the BP station in his appraisal. In explaining that the two stations were unrelated, independent businesses, and that the appraisal of one was not relevant to the other, Lane relied in part on the fact that the sta-

tions were on different sides of the interstate. When asked what difference it made to his evaluation which side of the interstate the stations were on, DOT objected on the ground that such testimony was outside the scope of Lane's field of expertise. The trial court overruled the objection. DOT contends that the trial court committed reversible error in doing so. We disagree.

The record shows that Lane was an expert qualified to appraise the value of service stations. When an expert has been qualified, the expert may give his opinion without stating the facts upon which the opinion is based, but it always is proper for the expert witness to state the facts relied on in forming an opinion when requested to do so. *McDaniel v. Dept. of Transp.*, 200 Ga. App. 674, 675 (1) (409 SE2d 552) (1991); *State Hwy. Dept. v. Howard*, 119 Ga. App. 298, 303 (6) (167 SE2d 177) (1969). In fact, it is error not to allow an expert to testify as to the facts upon which an opinion is based. Id.

In the instant case, Lane's testimony regarding the differences between the Chevron and BP stations, based on their locations on opposite sides of the interstate, was offered as part of the factual basis regarding why, in his opinion, the stations should not be appraised together. Moreover, the testimony regarding the distinction to be made between stations on opposite sides of a road was based on Lane's personal experience as an accountant. Consequently, it was not error to allow Lane to testify concerning such matters.

*Judgment affirmed. Andrews and Smith, JJ., concur.*

DECIDED DECEMBER 4, 1996.

*Michael J. Bowers, Attorney General, Harris & James, William C. Harris, Lisa D. Neill-Beckmann*, for appellant.

*Pursley, Howell, Lowery & Meeks, Charles N. Pursley, Jr.*, for appellee.